HENRY ALLEN RAFFORD V. THE STATE.

No. 21045.   Delivered May 8, 1940.
Rehearing Denied June 19, 1940.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft from the person; the punishment, confinement in the penitentiary for two years.

Jim Thompson, the prosecuting witness, had received a check for $85.26. After cashing the check he paid his taxes and bought some dry goods. Taking the balance of his money, he went to a place in the town and got drunk, on beer and gin. He testified that he and appellant got together. Someone took his money from his pocket without his knowledge.

Appellant testified that he took the money of the injured party but declared that it was upon the request of the injured party that he took it. He stated that the injured party told him at the time that he wanted him to buy him some bread. It was appellant's version that he did not intend to steal the money at the time he took it. He admitted that he spent part of the money and hid the balance. The officers recovered the money that appellant hid.

Bill of exception No. 4 relates to an objection appellant made to proof of a conversation between Jim Thompson and his son Clint Thompson, the objection being that the testimony was hearsay. The bill of exception is qualified to show that appellant was present when the conversation took place. As qualified, the bill of exception fails to reflect error.

Bill of exception No. 5 is in the same attitude as the foregoing bill.

Bill of exception No. 7 fails to show what the answer of the witness Jim Thompson would have been had appellant been permitted to ask him on cross-examination whether on former

occasions he had gotten drunk and delivered his money to friends to keep for him. The bill is insufficient to reflect error.

Touching appellant's affirmative defense, the court instructed the jury as follows:

"You are further instructed that if you find from the evidence that the defendant at the time he took the money in question from the person of Jim Thompson had no intention at the time to keep the same and appropriate it to his own use, then you will find the defendant not guilty; or if you have a reasonable doubt thereof you will acquit him."

Further, the court instructed the jury as follows:

"You are further instructed as a part of the law in this case that if you believe from the evidence that the said Jim Thompson knew that the defendant took the money from his person, and had knowledge of the fact at the time it was taken, you will acquit the defendant and say by your verdict not guilty; if you have a reasonable doubt thereof you will acquit the defendant."

We quote a further charge:

"You are further instructed that even though you believe from the evidence in this case that the defendant took the fifty dollars from the person of the said Jim Thompson on the occasion in question, yet you can not convict the- defendant unless you further find from the evidence that the money was so taken without the knowledge of the said Jim Thompson, and if you have a reasonable doubt as to this you will acquit the defendant."

Appellant leveled no exceptions at the charge of the court, but tendered the court several requested instructions. We deem it necessary to mention only two of these instructions. We quote one as follows:

"You are instructed as a part of the law of this case that even though you believe from the evidence that the defendant took the fifty dollars from the person of Jim Thompson, and you further find from the evidence that at the time defendant took same he didn't intend to keep it and appropriate it to his own use, you will acquit the defendant, even though you believe that the defendant formed the intention to keep same subsequent to the time he took it; or if you have a reasonable doubt thereof, you will acquit the defendant."

The other requested charge reads as follows:

"You are instructed as a part of the law in this case that if you find from the evidence that the defendant formed the intention of keeping said money taken from the person of Jim Thompson after he took the same, then you will acquit the defendant; or if you have a reasonable doubt thereof you will acquit him."

It is observed that in charging the affirmative defense, the court gave an instruction on the same subject as that embraced in the requested charges. Stated in another way, the main charge and the requested charges dealt with the subject of appellant's intent. The court required the jury to believe that at the very time of the taking of the money appellant entertained the intent to appropriate it to his own use. As already pointed out, appellant leveled no exceptions at the charge given by the court. Art. 658, C. C. P., as amended by Acts 1931, Chapter 43, Section 5, in part, reads: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection." We quote from Boaz v. State, 231 S. W. 790, as follows: "For the court to hold that the requesting of a special instruction, which the trial court could legitimately consider as a substantial repetition of his main charge, can take the place of an objection which should pertinently point out the matter complained of, would virtually work a repeal of the statute." See also Bell v. State, 268 S. W. 168, and Rawls v. State, 76 S. W. (2d) 1053. Giving effect to the announcement of the decisions, we are constrained to hold that it was incumbent upon appellant, under the circumstances, to except to that part of the charge of the court submitting his affirmative defense in a manner which would have pointed out that it was not as full and complete as it should have been.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant offers us but one proposition in his motion as grounds for the granting of such motion, that is, because of

the trial court's failure to give the requested instruction embracing the proposition that in the event that the appellant took the money from the complaining witness, and at such time of taking, he had no intention of keeping the same, but formed such intent at a later time, then they should acquit the appellant.

It was appellant's contention, made at the time of the trial, that the complaining witness, Jim Thompson, requested appellant to take his money out of his pocket and purchase for Thompson some flour, and that he took such money out of Thompson's pocket (between $50 and $71) but did not buy the flour, and later used $10 of said money and hid the remainder in a can and buried it in the ground, and did not return the money to Thompson. We think the trial court met this contention of appellant, and properly charged this defense in paragraphs seven, eight and nine of his original charge to the jury, as follows:

"7. Unless you do believe from the evidence beyond a reasonable doubt that the defendant, on or about the time and in the county alleged, privately and fraudulently took the property described in the indictment from the person and possession of the said Jim Thompson, under conditions and circumstances and with the intent constituting theft from the person as defined in the preceding paragraph, then you will acquit the defendant.

"8. You are further instructed that if you find from the evidence that the defendant at the time he took the money in question from the person of Jim Thompson, had no intention at the time to keep the same and appropriate it to his own use, then you will find the defendant not guilty; or if you have a reasonable doubt thereof, you will acquit him.

"9. You are further instructed as a part of the law in this case that if you believe from the evidence that the said Jim Thompson knew that the defendant took the money from his person, and had knowledge of the fact at the time it was taken, you will acquit the defendant and say by your verdict not guilty; and if you have a reasonable doubt thereof, you will acquit the defendant."

The motion is overruled.