**Pablo ROSALES, Appellant,**

v.

**Josefina Aguilar ROSALES alias Ofelia Garza Rosales, Appellee.**

**No. 2.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 19, 1964.

Ramiro B. Martinez of Rankin, Kern, Martinez & de la Garza, McAllen, for appellant.

R. A. Vidaurri, Edinburg, Alfonso A. Guerra, McAllen, for appellee.

NYE, Justice.

Appellee Josefina Aguilar Rosales brought a suit for divorce against appellant Pablo Rosales, alleging that a common-law marriage was solemnized by the mutual agreement to be man and wife, followed by cohabitation and the holding out to the·

public that they were each other's respective spouses. The trial court, in a judgment granting the appellee a divorce from appellant, expressly found in its judgment and decree that a common-law marriage existed, decreed a division of the community property, and ordered the appellant to pay the attorney fees of the appellee.

The trial of the case was before the court without the intervention of a jury. The appellant in appealing from the judgment of the trial court, attacks the holding of a common-law marriage, in four points of error; three points to the effect that the appellee wife admitted that she never made any agreement to marry the defendant husband, and that this was a judicial admission, and further that she was living with him so that she could use his name.

It is our opinion that these points should be overruled.

 There were no formal, separately stated, findings of fact or conclusions of law requested or filed. It is the duty of the Court of Civil Appeals upon appeal from judgment of the trial court to uphold such judgment provided that the implied findings which the judgment carries with it are supported by the evidence. In order to warrant a reversal in a non jury case where the record contains a statement of facts but no findings of fact or conclusions of law, as in this case, the appellant must show from the record that under no theory to be gathered therefrom was the court authorized to render the judgment, and the judgment will be affirmed if the statement of facts supports it on any theory of the case. 3 Tex. Jur.2d, Appeal and Error-Civil, 689, § 438.

 The appellee plead the necessary elements requisite to a common-law marriage and the statutory requirements for a divorce. There is no complaint concerning the proof of the divorce. In order to constitute a valid common-law marriage, it must be established that the parties: (1) entered into an expressed or implied agreement to become husband and wife; (2) that such agreement was followed by cohabitation as man and wife; (3) that they held each other out professedly and publicly as husband and wife. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E (Sup.Ct.1913); Cain v. Caine, 314 S.W. 2d 137 (Tex.Civ.App.1958).

The record reflects and there is evidence that the parties assumed the marriage status and lived together for some nine years beginning in 1953. The husband had three children of a previous marriage. This prior marriage terminated on the death of his first wife before he began cohabitating with the appellee. She had an illegitimate child but had never married prior to the cohabitation with the appellant. The parties, therefore, had no legal impediment and had the capacity to contract the present marriage. Although there were no children as issue of this marriage, the wife testified that she raised his three children and her child together in the same house. She testified that they agreed to live together as husband and wife and shortly thereafter purchased two lots and built a four-room house where she, the appellant and all of the children lived.

 The wife was a Mexican citizen and testified through the aid and use of a court interpreter. The appellant urges this court to reverse the holding of the trial court because the wife judicially admitted on cross-examination that there was "no agreement" to be married and that she was using the husband's name of "Rosales" as a "convenience" to her. A careful review of the testimony convinces us that these answers and admissions were imparted by the wife in response to cross-examination by appellant's attorney concerning whether she agreed to a ceremonial marriage which had been suggested by the immigration authorities in order to clear up the requirements of obtaining a proper passport. These statements do not amount to a judicial admission. In the case of United States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224 (Tex.Civ.App.1951,

writ ref.), Justice Norvell has researched the necessary elements of a judicial admission and the binding effect of a party's testimonial declaration. In order for one of the parties' testimonial declaration to be binding upon her, it must be deliberate, clear, and unequivocal. If the statement merely contradicts some other portion of the party's testimony, conclusive and binding effect cannot be given thereto, but a fact issue is presented for the determination of the judge sitting without a jury as in the case of an ordinary witness. Williams v. Williams, 336 S.W.2d 757 (Tex.Civ.App. 1960, writ dis.).

■■ Even though the testimony was conflicting in many respects, the effect of all the testimony is left to the sound discretion of the trial court which encounters the parties and the witnesses, observes their demeanor and personalities, judges the credibility of the witnesses, interprets the truth and reality, and finally draws upon its storehouse of human living and experience before endeavoring to judicially decree its judgment. The agreement to be husband and wife may be implied and need not be an express agreement, and such an agreement may ordinarily be inferred from the evidence which establishes the other two constituent elements of a common-law marriage.

■ We hold that there was sufficient evidence from the testimony to uphold the trial court's implied findings that the parties agreed to take each other as husband and wife.

The appellant husband, by his fourth point of error, contends that the wife failed to prove that he ever represented or held out to the public that the plaintiff was his wife. It is true that none of the witnesses could recall any occasion where the appellant husband had ever introduced the appellee to anyone as his wife. He testified that he had never introduced her as such. Without detailing or repeating all of the evidence concerning the holding out to the public, it is sufficient to note

among other things, that the parties opened and held joint charge accounts in department stores, as Mr. and Mrs. Pablo Rosales, husband and wife, and that disinterested witnesses testified that the general reputation of the parties in the community was that they were married to each other.

■ In order to prove the validity of the common-law marriage, it is not necessary to offer evidence of husband and wife introductions to the general public. Proof of the holding out to the general public can be shown by other evidence, including the conduct and the actions of the parties, which sometimes speak louder than words of introduction.

■ In seeking to determine whether there is any evidence to support the judgment of the court's implied findings of fact, that the parties held out to the public, it is proper to consider only that evidence most favorable to the issue and disregard entirely that which is opposed to it or contradictory to its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S. W.2d 609, 23 A.L.R.2d 1114 (Sup.Ct.1950). If there is any evidence from which the judgment can be upheld it is our duty to do so and every issue raised by the testimony will be resolved in favor of the judgment.

■ We therefore find that all of the elements constituting the necessary requirements to prove a common-law marriage have been established and there is sufficient evidence to uphold the trial court's implied findings. In such case, where there is sufficient evidence to support such findings, it will be conclusively presumed that all fact issues were found by the trial court in such a way to support the judgment. Seydler v. Herder, 361 S.W.2d 411 (Tex.Civ.App.1962, ref. n. r. e.). Appellant's fourth point is overruled.

Judgment of the trial court is affirmed.

SHARPE, J., concurs in the result.