The STATE of Texas, Appellant,

v.

Linda Susan HART, Appellee.

No. 14–94–00393–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 3, 1995.

George McCall Secrest, Jr., Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN.*

## OPINION

YATES, Justice.

Appellant, the State of Texas, appeals from an order granting appellee, Linda Susan

---

\* Justice Joe Draughn sitting by assignment.

Hart's, motion for new trial. Hart was convicted by a jury for the offense of theft and sentenced by the court to 180 days, probated for 180 days. Appellee filed a motion for new trial which was granted by the trial court. We reverse.

The record indicates that on June 26, 1993, the complainant, Kitty Wallace, went shopping at a Kroger grocery store. Upon leaving the store, Mrs. Wallace pushed the shopping cart out to her car and transferred her groceries into the front passenger seat and the rear passenger floorboard of the vehicle. Wallace testified that she had earlier placed her purse in the toddler portion of the cart, but after transferring the groceries she was unable to locate it.

Nevertheless, believing that she had probably placed the purse in the car with the grocery bags, complainant started her car to leave. After backing out, she grew more concerned about her purse and decided to stop and look further. After determining that the purse was not in her vehicle, she returned to the store and informed the store security guard that someone had taken it. As the complainant and the security guard were exiting the store, they were approached by a woman, later identified as Candy Wirta, who asked complainant if she had lost her purse. When complainant responded affirmatively, Wirta stated that she had witnessed someone taking the purse out of her cart. Wirta then pointed at appellee's car, which was leaving the parking lot.

The security guard ran to appellee's car, followed by Wirta in her van. The security guard asked appellee to back the vehicle into the parking lot. Appellee initially refused; however, after repeated commands by the guard, she eventually complied. The purse was recovered from the front seat of appellee's car.

According to complainant, the purse had been opened and the wallet removed from it. Further, it appeared as though the appellee had been through it since "everything in there was messed up." When the guard asked appellee why she had stolen the purse, she stated that she did not steal it, but intended to find the owner's address and return it. Appellee then became angry and began to curse. Thereafter, appellee was taken into the grocery store and eventually arrested by police.

At trial, witness testimony both corroborated and contradicted the account given by the complainant. For example, although complainant testified that the purse was taken from the cart while she was transferring groceries to her car, Wirta, who was a witness to the taking, maintained that complainant was not anywhere close to the purse when appellee took it. This tended to corroborate the appellee's testimony. Similarly, other inconsistencies were brought out during the trial.

Following the jury's guilty verdict, appellee filed a written motion for new trial on two grounds. The first ground alleged that the evidence was insufficient as a matter of law to prove that appellee "deprived" the complainant of her property. The second ground contended that the trial judge erred in refusing a requested jury instruction. Following a hearing on the motion, the court granted appellee's motion on both of the grounds asserted.

Appellate courts apply an abuse of discretion standard in situations where, such as here, the State appeals from an order granting a motion for new trial. *State v. Gonzalez,* 855 S.W.2d 692, 695 (Tex.Crim. App.1993). This means that a trial judge's decision will be reversed only when it is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992). Additionally, a trial court may not act in an arbitrary or unreasonable manner and without reference to guiding rules or principles. *Romero v. State,* 893 S.W.2d 550, 552 (Tex.App.—Texarkana 1994, pet. granted) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985) *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)).

The State first asserts that the trial judge erred in granting the motion for new trial because the evidence was sufficient to support appellee's conviction for theft. Appellee argued in her motion for new trial that the evidence was insufficient because it failed to

establish any intent by her to deprive complainant of the purse and its contents. In support of her motion, appellee relied on the fact that from the time of her arrest and throughout her trial, she adamantly denied having any intent to steal the purse.

In reviewing the sufficiency of the evidence in a conviction, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). A jury, as the trier of fact, determines the credibility of the witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). Simply because the appellee presents a different version of the facts does not render the State's evidence insufficient. *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985 *cert. denied*, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986). When determining whether the evidence sufficiently established an intent to commit an offense, proof of a mental state almost always depends upon circumstantial evidence. *Sadler v. State*, 728 S.W.2d 829, 831 (Tex.App.—Dallas 1987, no pet.). Therefore, intent is a fact issue for the jury. *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex. App.—San Antonio 1990, no pet.).

In the case before us, ample evidence was presented at trial to prove that appellee intended to permanently deprive complainant of the purse. For example, at the time of her detention, appellee was attempting to leave the area with complainant's purse. Also, the security guard testified that when he stopped appellee's car, he noticed that money had been removed from complainant's wallet; casting doubt on appellee's claim that she had only rummaged through the purse to determine the owner's address. Further, appellee initially refused the security guard's requests to back her car into the parking lot, nor would she hand him the purse when he requested it. Given the above, the jury could have reasonably inferred that appellee intended to permanently deprive complainant of her purse. *See Session v. State*, 680 S.W.2d 549, 553 (Tex. App.—Beaumont 1984). Just as an appellate court may not position itself as a thirteenth juror in reviewing the evidence, neither is a trial judge free to substitute its beliefs for those of the jury. *See Moreno v. State*, 755 S.W.2d 866 (Tex.Crim.App.1988). Accordingly, we find the trial court erred in granting the motion for new trial based upon the sufficiency of the evidence and we sustain the state's first point of error.

The State next asserts that the trial court erred in granting appellee's motion for new trial because appellee's requested jury instructions were properly denied.[1] According to the State, the requested instruction would have constituted an improper comment on the weight of the evidence. Further, they assert that a court may refuse an instruction on an affirmative submission of a defensive issue that merely denies the existence of an

---

1. The proposed instructions were:

[Y]ou are further instructed that if you believe, or have a reasonable doubt thereof, that (although) defendant, Linda Susan Hart, took the purse in question, that she had the intent to return it to the owner and not appropriate it for her own use, then you must acquit her and say by your verdict, "not guilty."

[F]or a person to be guilty of theft of lost goods, there must have been an intent to steal at the time of the finding, and knowledge of reasonable (means) of ascertaining the (identity of the owner) of the property.

[Y]ou are instructed that a theft conviction may not be obtained on proof that the defendant intended only a temporary withholding of the property. The intent to permanently deprive the owner of the property must exist at the time of the taking to constitute the offense of theft.

The actual instruction stated:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, LINDA SUSAN HART, did in Harris County, Texas, on or about the 26th day of June 1993, unlawfully appropriate by acquiring or otherwise exercising control over property, namely, ONE PURSE, AND ONE WALLET, owned by KITTY GRIFFITH WALLACE, hereafter, styled the Complainant, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the Complainant of the property, you will find the defendant guilty. If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

essential element of the charged offense. *Penry v. State,* 903 S.W.2d 715 (Tex.Crim. App.1995); *Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App.1986); *Cannon v. State,* 691 S.W.2d 664, 676 (Tex.Crim.App.1985).

Appellee counters the State's assertions on several grounds. First, she argues that since the proposed instructions were correct statements of the governing law, they did not call upon the jury to accept the credibility of any witness or to weigh that testimony in any particular manner. Second, she calls our attention to the "fundamental proposition that wherever a defensive theory is presented by the record, the defendant is entitled to a distinct and affirmative presentation of that issue." *Martinez v. State,* 634 S.W.2d 929, 936 (Tex.App.—San Antonio 1982, pet. ref'd). Lastly, appellee proposes that the sought after instruction was warranted in that it explained the legal requirement that a theft is not committed by the mere finding of lost or abandoned goods, if the initial taking is coupled with an intent to restore said goods to their rightful owner. *See Golden v. State,* 851 S.W.2d 291, 295 (Tex.Cr.App.1993).

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 65, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988) (citations omitted). The Texas Court of Criminal Appeals has held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App. 1987).

 We agree with the appellee's assertion that the proposed instructions were not a comment on the weight of the evidence. However, the authority cited by appellee, as

well as her comparison of the requested charge to a charge on self-defense in a murder case, is distinguishable from the case at bar. Specifically, whereas self-defense is a recognized statutory defense to murder under Tex.Penal Code Ann. § 9.31, "temporary withholding" is not acknowledged anywhere in the Penal Code as a defense to theft.

The Court of Criminal Appeals discussed a similar distinction in *Willis v. State,* 790 S.W.2d 307 (Tex.Crim.App.1990). The court in *Willis* held that no instruction on "good faith purchase" was required in a theft by receiving case. In so holding, the court began its analysis with the basic tenet that the power to create and define offenses and defenses rests with the legislative branch of government. This power also applies to affirmative defenses so long as the "traditional notions of due process are not offended." *Id.,* at 314 (citations omitted). The legislature has indeed exercised such power in the Texas Penal Code by creating certain defenses to conduct that would otherwise constitute a crime. *Id.; See also* Tex.Penal Code Ann. Chapters Eight and Nine (Vernon 1995). As in *Willis,* we are unable to find any legislative enactment for the defensive theory of "temporary withholding" urged by appellee.

Texas courts have repeatedly held that, "where the non-penal code defensive theory merely negates an essential element of the State's case, as opposed to justifying or excusing the culpable conduct, the denial of a jury instruction is not error." *Holliman v. State,* 879 S.W.2d 85, 87 (Tex.App.—Houston [14th Dist.] 1994, no pet.); see also *Sanders,* 707 S.W.2d at 81;[2] *Golden,* 851 S.W.2d at 295. Here, the requested instruction on "temporary withholding" merely negated an essential element of the State's case, i.e. intent to deprive.[3] *See also Knorpp v. State,* 645 S.W.2d 892, 903 (Tex.App.—El Paso 1983, no pet.).

---

**2.** Although appellee correctly points out that much of the language of *Sanders* has been disavowed, this court previously noted in *Holliman v. State,* that it was the broad language in *Sanders* concerning confession and avoidance that was criticized. *Id.* at 87. The rule, as stated in *Sanders,* that the denial of a jury instruction is not error where the defensive theory merely negates an essential element of the State's case remains good law. *Id.* (citations omitted). *See*

also, *Huff v. State,* 897 S.W.2d 829 (Tex.App.— Dallas 1995, pet. ref'd).

**3.** "Deprive" was defined as:
[t]o withhold property from the owner permanently or for so extended period of time that a major portion of the value or enjoyment of the property is lost to the owner; to restore property only upon payment of reward or other compensation; or to dispose of property on a

Appellant cites *Reid v. State,* 377 S.W.2d 654 (Tex.Crim.App.1964), and *Rafford v. State,* 139 Tex.Crim. 497, 141 S.W.2d 457 (App.1940), for the proposition that she was entitled to an instruction on her defensive theory of "temporary withholding." However, both *Reid* and *Rafford* pre-dated the 1974 Penal Code. As noted in *Sanders,* and as stated above, the current Penal Code now specifically lists certain "defensives." What were once loosely referred to as "defensives" or "defensive issues" by the bench and the bar has caused some confusion because, in actuality, many of these "defenses" are merely a negation of an element of the State's case. *Sanders,* 707 S.W.2d at 80–81. As *Sanders* and its progeny now make clear, no affirmative charge must be given if the alleged "defensive theory" merely negates an element of the State's case. *Id.* Thus, it was not error to refuse the requested instruction. The trial court's finding to the contrary was therefore a misstatement of the law and, as such, constituted an abuse of discretion. We sustain the State's second point of error.

Accordingly, we reverse the trial court's granting of appellee's motion for new trial and render judgment based on the conviction.

manner that makes recovery of the property by the owner unlikely ...