Affirmed and Opinion filed August 22, 2002









Affirmed
and Opinion filed August 22, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00781-CR

____________

 

RICHARD LYNN PRATT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 361st District Court

Brazos County, Texas

Trial Court Cause No. 28,078-361

 



 

O P I N I O N

A jury convicted appellant Richard Lynn Pratt of aggravated
assault for causing serious bodily injury to his wife.  The trial court assessed punishment at ten
years in prison, but suspended the sentence subject to probation, ordering
appellant to serve 90 days in Brazos County Jail as a condition of
probation.  We affirm. 








I.          Background
Facts

On the evening of July 9, 2000, at their home on his wife=s family ranch, appellant was
drinking beer in the yard with his wife and Bubba, a family acquaintance.  Appellant left them and went to bed in the
house.  Very early the next morning, he
awoke to find that his wife and Bubba were no longer outside and that his Jeep
was gone.  He drove another vehicle to a
deer camp and barn at the back of the ranch and found them.  He drove his wife back to the house.  At this point the testimony diverges.  He contends she injured herself when she fell
because she was drunk.  She testified
that he beat her.  Appellant drove her to
the hospital.  Her injuries included
several facial lacerations that required stitches, a broken nose, bruises and a
jaw broken in three places.  She told the
medical staff her husband had beaten her. 

II.        Issues
Presented

On appeal, appellant argues that (1) the trial court erred in
denying appellant=s motion for instructed verdict because there was
insufficient evidence to support the conviction; (2) he was denied effective
assistance of counsel; and (3) several of the trial court=s comments and rulings constituted an
impermissible comment on the weight of the evidence.

A.        Sufficiency of
the Evidence

In his first issue, appellant challenges the legal and
factual sufficiency of the evidence. Appellant was charged with causing serious
bodily injury to his wife by hitting her with his hands and fists, kicking her,
and pushing her against the wall. 
Because his wife was not certain whether she had been hit or if she had
been kicked, he claims the trial court should have entered an instructed
verdict in his favor.  Consequently, he
claims the evidence is insufficient to convict him.  Specifically, he contends his wife=s injuries were not caused by him,
but by an accidental fall while she was drunk. 









To prove appellant committed aggravated assault, the State
had to prove he intentionally, knowingly, or recklessly caused severe bodily
injury.  Tex. Pen. Code Ann. '' 22.01(a)(1)
& 22.02 (Vernon 1994).  The elements
of aggravated assault are:

(1)       a person

(2)       commits an assault

(3)       that causes serious bodily injury.  

Tex. Penal Code Ann. ' 22.02(a)(1)
(Vernon 1994); Juneau v. State, 49 S.W.3d 387, 391 (Tex. App.CFort Worth 2000, pet. ref=d). 
“Serious bodily injury” is defined as an injury that creates a
substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.  Tex. Pen. Code Ann. ' 1.07 (a)(46)
(Vernon 1994).  To be considered a
serious bodily injury, the injury “must be grave, not trivial”; that is, it
must be “such an injury as gives rise to apprehension of danger to life, health
or limb.”  Hatfield
v. State, 377 S.W.2d 647, 648 (Tex. Crim. App. 1964). 

Standard of Review: Legal
Sufficiency of the Evidence

In reviewing the legal sufficiency of the evidence to support
a conviction, we view the evidence in the light most favorable to the
judgment.  Narvaiz v. State, 840
S.W.2d 415, 423 (Tex. Crim. App. 1992). 
The critical inquiry is whether, after so viewing the evidence, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994).  This standard gives full play to the
responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).








The Evidence

            The indictment alleged
appellant “heretofore on or about the 10th day of July 2000, did then and there
intentionally, knowingly, and recklessly cause serious bodily injury to
Tracy Pratt, by striking her with his hand and by kicking her and
by throwing her to the ground and by shoving her head into the wall . .
. .”  (emphasis
added).  

The jury was charged as follows:

[I]f you find from the evidence beyond a reasonable
doubt that on or about the 10th day of July, 2000 in Brazos County, Texas, the
Defendant, RICHARD LYNN PRATT, did intentionally, knowingly or recklessly
cause serious bodily injury to Tracy Pratt by striking her with his hand; or
by kicking her; or by throwing her to the ground; or by shoving
her head into the wall, then you will find the Defendant guilty as
charged.  

(emphasis
ours).   

 

Appellant complains that his instructed verdict should have
been granted because there was a variance between the State=s proof and the crime charged.  Specifically, he argues that because the
State did not prove appellant struck his wife with his hand, and kicked
her, and threw her to the ground, and shoved her head in the
wall, the evidence is legally insufficient to support a conviction.  We disagree. 




Discussion








Although an indictment may allege different methods of
committing an offense in the conjunctive, it is proper for the jury to be
charged in the disjunctive.  See
Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991).  The State may plead
alternative theories of an offense that the evidence may ultimately prove.  Lawton v. State, 913
S.W.2d 542, 551 (Tex. Crim. App. 1995). 
The State is allowed to plead in the conjunctive if proof of any one
theory of the offense will support a guilty verdict.  Id. 
And, when the State pleads in the alternative, it is not required to
prove guilt under all of the theories alleged. 
If the State establishes proof of guilt under one theory, the conviction
will stand against a challenge to the sufficiency of the evidence.  Id.; see also Brooks v. State, 990
S.W.2d 278, 283 (Tex. Crim. App. 1999) (en banc) (“When a jury returns a
general guilty verdict on an indictment charging alternative theories of the
same offense, the verdict stands if the evidence supports any of the theories
charged.”). 

            Appellant=s wife testified that he hit her in
the face with his fist while driving back to their house from the deer
camp.  After parking in the garage, he
pulled her out of the car and threw her to the ground while repeatedly striking
her in the face with either his foot or his fist.  Although she tried to get up six or seven
times, he continued to hit or kick her, and she could not get up.  He then threw her against some concrete steps
leading to the house.  Then, after a
period of unconsciousness, she found herself covered in blood and sitting on
the dining room floor under a large hole in the wall that was also covered in
blood.  During the entire assault,
appellant cursed at her, verbally abused her, and accused her of infidelity. 

The beating stopped when the children discovered appellant=s wife on the dining room floor.  Shortly thereafter, she walked to the car,
and appellant drove her to the hospital. 
While en route to the hospital, appellant continued to verbally abuse
his wife.  Once there, she walked into
the emergency room without assistance. 
During her stay at the hospital, appellant=s wife was treated for a broken nose
and received stitches on her face.  The
injuries to her jaw required that it be wired shut for four weeks, and by the
time of trial, she had not regained the normal use of her jaw.  








The emergency room physician who treated appellant=s wife testified that her injuries
were consistent with being hit or kicked and inconsistent with a single fall on
a step.  Likewise, the emergency room
nurse testified that the injuries suggested more than one point of impact.  Appellant=s expert witness, also an emergency
room physician, testified that it would take some velocity for a person to make
a hole that size in the wall and it could not have been made by a fall.  Officer Couch, who saw appellant at the
hospital, noticed that his hands were covered in dried blood and that there was
blood on his feet and shins.  Deputy
Brawley, who also observed appellant at the hospital, testified that he had
blood on his moccasins and that the back of his right hand was swollen with a
fresh red mark. 

Discussion and Holding:  Legal Sufficiency of the Evidence

“The jury, being the judges of the facts and the credibility
of the witnesses, can choose to believe or not believe witnesses or any portion
of their testimony.”  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Viewing the evidence in the light most
favorable to the verdict, we conclude that the cumulative force of all the
facts and circumstances was sufficient to allow a rational trier of fact to
find the essential elements of the crime beyond a reasonable doubt.  We overrule appellant=s legal sufficiency challenge, and
proceed to appellant=s factual sufficiency claim. 


Standard of Review: Factual
Sufficiency of the Evidence

When reviewing the factual sufficiency of the evidence, we
view all the evidence without the prism of “in the light most favorable to the
prosecution” and set aside the verdict only if it is “so contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust.”  See Johnson v. State, 23 S.W.3d
1, 6‑7 (Tex. Crim. App. 2000) (citing Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)).  Under this standard, the “evidence can be
factually insufficient if (1) it is so weak as to be clearly wrong and
manifestly unjust or (2) the adverse finding is against the great weight and
preponderance of the available evidence.” Id. at 11.  When conducting a factual sufficiency review,
we compare the evidence that tends to prove the existence of a fact with the
evidence that tends to disprove that fact. 
See Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996).  We consider the
fact finder=s weighing of evidence and can
disagree with the fact finder=s determination. 
See Clewis, 922 S.W.2d
at 133.  But, we must employ the
appropriate deference so that our evaluation does not intrude upon the jury=s role as the sole judge of the
weight and credibility of any witness=s testimony.  See Jones, 944 S.W.2d at 648; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).








Discussion and Holding: Factual
Sufficiency of the Evidence

Appellant argues that the evidence against him is factually
insufficient because his wife testified as follows: “I=m not sure if he hit me with his foot
or his hands.  Something hit me upside
the face.”  Similarly, appellant contends
that on cross‑examination, his wife acknowledged that she did not see a
fist or foot hit her.  However, given the
other evidence in the record, appellant=s reliance on this testimony is
misplaced. 

Additionally, appellant testified his wife injured herself by
falling on the concrete steps, and he denied striking her at all.  However, these claims do not make the
evidence against him factually insufficient. 
See Johnson, 23 S.W.3d at 11.  Evidence is not rendered insufficient simply
because an accused presents a different version of the facts.  State v. Hart, 905 S.W.2d 690, 693
(Tex. App.CHouston [14th Dist.] 1995, pet. ref=d).

By its verdict, the jury chose to believe the State=s testimony and rejected appellant=s version of how his wife received
her injuries.  There was an overwhelming
amount of evidence to comport with his wife=s version of events.  And, appellant admitted to striking his wife
on a prior occasion.  The State developed
jealousy as a motive for the assault as well. 
See Martin v. State, 91 Tex. Crim. 23, 236 S.W. 729, 730 (1921)
(stating that jealousy is uniformly regarded as admissible upon the issue of
motive).  In short, we conclude that the
evidence is factually sufficient to support the jury=s verdict and not so weak as to be
clearly wrong and manifestly unjust.  See
Johnson, 23 S.W.3d at 6B7; Clewis, 922 S.W.2d at
129.   

In summary, we find the evidence is legally and factually
sufficient to support the jury=s finding that appellant committed aggravated assault causing
serious bodily injury.  We overrule
appellant=s first issue.  

B.        Ineffective
Assistance of Counsel








In appellant=s second issue, he complains he was denied effective
assistance of counsel.  Appellant
contends trial counsel failed to be effective in two ways: (1) by not
requesting a record of voir dire examinations, and (2) by not pursuing several
objections to an adverse ruling.  

Discussion: Ineffective Assistance
of Counsel

To prevail on an ineffective assistance of counsel claim, an
appellant must first demonstrate that trial counsel=s performance was deficient.  Strickland v. Washington, 466 U.S.
668, 687 (1984) (adopted in Hernandez v. State, 726 S.W.2d 53, 56B57 (Tex. Crim. App. 1986)).  Second, he must also show his counsel=s deficient performance was so
serious that it prejudiced his defense, rendering the trial unfair and the
verdict suspect.  Id.  To satisfy the second prong, appellant must
show that a reasonable probability exists that, but for counsel=s unprofessional errors, the fact
finder would have had a reasonable doubt concerning guilt.  See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Reasonable probability means a probability
sufficient to undermine confidence in the outcome.  Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  Appellant has the burden of making this
showing by a preponderance of the evidence. 
See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); Jackson,
973 S.W.2d at 956. 

In other words, appellant must show (1) by a preponderance of
the evidence that trial counsel=s representation fell below an objective standard of
reasonableness under prevailing professional norms, and (2) that this deficient
performance rendered the result of the proceeding unreliable.  See Strickland, 466 U.S. at
687.  Both prongs of the Strickland
test must be satisfied, or the claim of ineffective assistance will
fail.  Id. at
697.








Effective assistance of counsel “does not mean errorless
counsel, nor does it mean counsel judged ineffective by hindsight, but counsel
reasonably likely to render and rendering reasonably effective assistance.”  Faerman v.
State, 966 S.W.2d 843, 846 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  When the record is silent, an
appellate court may not speculate about why counsel acted as he did.  Tong v. State, 25 S.W.3d 707, 714
(Tex. Crim. App. 2000) (holding that “without some explanation as to why
counsel acted as he did, we presume that his actions were the product of an
overall strategic design”); Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994) (en banc).  Without
testimony from trial counsel, we must presume counsel had a plausible reason
for her actions.  See Tong, 25 S.W.3d at 714.  We
now address appellant=s specific complaints of ineffective assistance of counsel.

1)        Failure to
request a record of voir dire

Appellant contends that trial counsel was ineffective by
failing to request the recordation of voir dire.  Appellant alleges that this failure prevented
preservation of possible error, but he alleges no specific harm.  Without showing harm, the failure to request
recordation of voir dire is not per se ineffective assistance of
counsel.  Rivera v. State, 981
S.W.2d 336, 339 (Tex. App.CHouston [14th Dist.] 1998, no pet.) (holding that it is not enough for an appellant to claim his
lawyer was ineffective because he failed to request a court reporter).  Some specific injury resulting from the
failure to request a transcription of the proceeding must be raised by the defendant
on appeal.  Id.  Here, appellant has not pointed to any
specific harm, nor has he demonstrated that he was prejudiced to the extent
there was a reasonable probability of a different result.  See Smith v. State, 751 S.W.2d 902, 908
(Tex. App.CHouston [14th Dist.] 1988, no
pet.).  And, since the record is silent
on the issue of harm, we overrule this complaint.  See Tong, 25 S.W.3d
at 714. 




2)        Failure to
pursue objections to adverse rulings








Appellant claims his trial counsel was ineffective because,
after the trial court sustained several objections, counsel failed to preserve
the alleged errors for review by moving the court to an adverse ruling.  That is, after the court sustained her
objections, counsel did not ask for the jury to be instructed to disregard the
question, nor did she ask for a mistrial. 
Thus, he complains the jury heard and was able to consider evidence that
should have not come before it.  Yet,
appellant fails to cite us to any location in the record in support of this
complaint.  Nor does he cite any legal
authority showing that failure to ask for an instruction constitutes
error.  

Our appellate rules provide that a “brief must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex. R. App. P. 38.1(h).  Conclusory arguments that cite no authority
present nothing for review.  Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App.
1992); Atkins v. State, 919 S.W.2d 770, 774‑75 (Tex. App.CHouston [14th Dist.] 1996, no pet.).  Appellant did not offer argument or analysis
to support his contention, nor did he apply the facts of his case to the rule
of appellate procedure.  See Wyatt v.
State, 23 S.W.3d 18, 25 n.7 (Tex. Crim. App. 2000); King v. State,
17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); Tex.
R. App. P. 33.1.  Therefore, we
find that he has waived this basis for review of ineffective assistance of
counsel.

Moreover, appellant made no effort to prove the prejudice
prong under either basis asserted for ineffective assistance of counsel.  Both prongs of the Strickland test
must be satisfied, or the claim of ineffective assistance will fail.  Strickland, 466 U.S. at 697. 

In summary, there has been no showing that the failure to have
a record of voir dire resulted in harm.  Rivera,
981 S.W.2d at 339. 
Furthermore, appellant has waived any prejudice because he has failed to
cite to the record and present argument and authorities in arguing that counsel=s failure to move the court to
adverse rulings constitutes ineffective assistance of counsel.  Tex.
R. App. P. 33.1.




Holding: Ineffective Assistance of
Counsel

Therefore, appellant has not proved there is a reasonable
probability that, but for defense counsel=s unprofessional errors, the result
of the proceeding might have been different. 
See McFarland v. State, 928 S.W.2d at 500.  We overrule appellant=s second issue. 

C.        Trial Court
Rulings as Comments on the Evidence

In appellant's third issue, he complains the trial court made
comments and rulings during the trial that amounted to comments on the weight
of the evidence.  Appellant cites to
three instances in the record in which he believes the judge conveyed a belief
that appellant was guilty: (1) when the judge ruled on an objection, stating, “No,
there hasn=t been that exact testimony, but I
don=t think that the objection is
sustainable”; (2) during appellant=s testimony about his residence, when
the judge stated, as he was ruling on an objection, “I believe the jury has had
enough evidence on which to base a decision on that point”; and (3) by denying
appellant=s request for a recess while he was
on the stand and saying, “We=re not going to take any more recesses until it=s time.  You may have a seat.  Please continue.”  Appellant argues that the cumulative effect
of these statements violated article 38.05 of the Code of Criminal Procedure,
amounted to comments on the weight of the evidence, and aided the State in
gaining a conviction. 

Discussion and Holding








Article 38.05 of the Texas Code of Criminal Procedure
prohibits the trial court from discussing or commenting on the weight of the
evidence.  Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).  Based upon article 38.05=s requirements, we acknowledge a
defendant=s right to a trial free from comments
on the evidence by the trial court. 
Without deciding whether the statements complained of constitute
impermissible comments on the weight of the evidence, we find appellant has
waived these complaints because he did not object to any of the statements
below.  See Harvard v. State, 800
S.W.2d 195, 211 (Tex. Crim. App. 1989); see also Gibbs v. State, 7
S.W.3d 175, 178 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (concluding that failing to object
to trial court=s alleged comment on the evidence
waived error); Tex. R.
App. P. 33.1 (providing that a specific and
timely trial objection is a prerequisite to a corresponding complaint on
appeal).  Indeed, to
preserve an issue for appeal, the trial court must have been given the
opportunity to rule on the same complaint below, and appellant=s failure to object at trial
constituted a waiver of these complaints. 
See Green v. State, 912 S.W.2d 189, 192 (Tex.
Crim. App. 1995) (finding that appellate complaint that judge impermissibly
commented on the weight of the evidence was not preserved for review because no
objection was lodged in the trial court).  Accordingly, we overrule appellant=s third issue.

III.       Conclusion

We affirm the judgment of the trial court.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Opinion filed August 22, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).