NO. 07-05-0345-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 15, 2006

_____

TOMAS RAMON HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3613; HONORABLE RON ENNS, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Tomas Ramon Hernandez was convicted by a jury of deadly conduct and punishment was assessed by the trial court at three years confinement, suspended for five years, and a $5,000 fine which was not suspended.

Presenting a sole issue, appellant challenges the sufficiency of the evidence to support the culpable mental state of recklessness.  We affirm.

Appellant skipped school and drove to a friend's ranch located approximately one block north of the Dumas city limits to discharge a shotgun and rifle with two other friends. They shot cans located on top of an eight-foot high fence post and shot upwards at birds. They also shot a cat and two cattle on property belonging to complainant Dale Richardson. He testified he found spent shotgun shells at one of his gates and then discovered his cat and cattle.  He reported the incident, and an investigation led law enforcement to the owner of the firearms, who was one of appellant's friends.

By his sole issue, appellant maintains the evidence is insufficient to demonstrate the culpable mental state of recklessness to support a conviction for deadly conduct.[1]  We disagree.  Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict

---

[1]Although appellant does not specify if he is challenging the legal or factual sufficiency of the evidence, the only case he cites reviewed both.  See Ford v. State, 38 S.W.3d 836, 846 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd).  In the interest of justice, we will conduct a legal and factual sufficiency review.

2

unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

In conducting a factual sufficiency review, we must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. Johnson v. State, 23 S.W.3d 1, 8 (Tex.Cr.App. 2000).

Appellant was charged with deadly conduct in a two-count indictment for knowingly discharging a firearm at or in the direction of a building and acting recklessly as to whether the building was occupied and for knowingly discharging a firearm at or in the direction of an individual. Tex. Pen. Code Ann. § 22.05(b)(1) and (2) (Vernon 2003). Under subparagraph (b)(2), two culpable mental states must be shown: the actor must *knowingly* discharge a firearm at or in the direction of a building and be *reckless* as to whether the building is occupied. *See* Yandell v. State, 46, S.W.3d 357, 361 (Tex.App.–Austin 2001, pet. ref'd). Recklessness is not required for discharging a firearm at or in the direction of an individual. *See* § 22.05(b)(1). Thus, because appellant challenges only the sufficiency of the evidence to support recklessness, we need only review whether appellant discharged a firearm at or in the direction of a building without regard to whether it was occupied.

3

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *See* Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003). Whether a defendant committed an offense with the requisite mental state is an issue for the factfinder's determination and is almost always proven by circumstantial evidence. State v. Hart, 905 S.W.2d 690, 693 (Tex.App.–Houston [14th Dist.] 1995, pet. ref'd). A culpable mental state may be inferred from the accused's acts or words. Moore v. State, 969 S.W.2d 4, 10 (Tex.Cr.App. 1998).

The Chief Deputy of the Sheriff's Office testified there were homes located within the range of the shotgun and shells used by appellant. Two houses located to the west and Richardson's cattle stalls and another neighbor's building across the road and to the east were within throwing distance from where appellant discharged the firearms. Richardson confirmed a yellow street sign indicating, "Slow - Children At Play" is displayed in the vicinity. Other evidence established that a nearby home was occupied by children and another home was occupied by a sick, disabled woman.

One of appellant's friends, who had previously pled guilty to deadly conduct, testified he and appellant were facing north while shooting cans on the fence post, and he did not

4

see any buildings when the firearms were discharged. All three individuals discharged the shotgun in an upwards direction at birds flying overhead. On cross-examination, he denied shooting at any houses and didn't think appellant had fired in the direction of any houses. He also denied seeing or shooting at a street sign indicating, "Slow - Children At Play."

From the circumstantial evidence presented, the jury could have inferred that appellant was aware of, but consciously disregarded, the substantial and unjustifiable risk of harm to an occupant of a nearby house or building and that his conduct constituted a deviation form the standard of care exercised by an ordinary person under the circumstances. We conclude the evidence is legally and factually sufficient to support appellant discharged firearms at or in the direction of a building and acted recklessly regarding whether the building was occupied. His sole issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.