NO. 07-05-0345-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 15, 2006



______________________________




TOMAS RAMON HERNANDEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 3613; HONORABLE RON ENNS, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Tomas Ramon Hernandez was convicted
by a jury of deadly conduct and punishment was assessed by the trial court at three years
confinement, suspended for five years, and a $5,000 fine which was not suspended. 
Presenting a sole issue, appellant challenges the sufficiency of the evidence to support the
culpable mental state of recklessness. We affirm.

 Appellant skipped school and drove to a friend's ranch located approximately one
block north of the Dumas city limits to discharge a shotgun and rifle with two other friends. 
They shot cans located on top of an eight-foot high fence post and shot upwards at birds. 
They also shot a cat and two cattle on property belonging to complainant Dale Richardson. 
He testified he found spent shotgun shells at one of his gates and then discovered his cat
and cattle. He reported the incident, and an investigation led law enforcement to the owner
of the firearms, who was one of appellant's friends.

 By his sole issue, appellant maintains the evidence is insufficient to demonstrate the
culpable mental state of recklessness to support a conviction for deadly conduct. (1) We
disagree. Evidence is legally insufficient if, when viewed in a light most favorable to the
prosecution, a rational trier of fact could not have found each element of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). 
As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict
unless it is irrational or unsupported by more than a "mere modicum" of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

 In conducting a factual sufficiency review, we must determine after considering all
the evidence in a neutral light, whether the jury was rationally justified in finding guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). 
It is the exclusive province of the jury to determine the credibility of the witnesses and the
weight to be given their testimony, and unless the record clearly demonstrates a different
result is appropriate, we must defer to the jury's determination. Johnson v. State, 23
S.W.3d 1, 8 (Tex.Cr.App. 2000). 

 Appellant was charged with deadly conduct in a two-count indictment for knowingly
discharging a firearm at or in the direction of a building and acting recklessly as to whether
the building was occupied and for knowingly discharging a firearm at or in the direction of
an individual. Tex. Pen. Code Ann. § 22.05(b)(1) and (2) (Vernon 2003). Under
subparagraph (b)(2), two culpable mental states must be shown: the actor must knowingly
discharge a firearm at or in the direction of a building and be reckless as to whether the
building is occupied. See Yandell v. State, 46, S.W.3d 357, 361 (Tex.App.-Austin 2001,
pet. ref'd). Recklessness is not required for discharging a firearm at or in the direction of
an individual. See § 22.05(b)(1). Thus, because appellant challenges only the sufficiency
of the evidence to support recklessness, we need only review whether appellant discharged
a firearm at or in the direction of a building without regard to whether it was occupied. 

 A person acts recklessly, or is reckless, with respect to circumstances surrounding
his conduct or the result of his conduct when he is aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances exist or the result will occur. The
risk must be of such a nature and degree that its disregard constitutes a gross deviation
from the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint. See Tex. Pen. Code Ann. § 6.03(c)
(Vernon 2003). Whether a defendant committed an offense with the requisite mental state
is an issue for the factfinder's determination and is almost always proven by circumstantial
evidence. State v. Hart, 905 S.W.2d 690, 693 (Tex.App.-Houston [14th Dist.] 1995, pet.
ref'd). A culpable mental state may be inferred from the accused's acts or words. Moore
v. State, 969 S.W.2d 4, 10 (Tex.Cr.App. 1998). 

 The Chief Deputy of the Sheriff's Office testified there were homes located within the
range of the shotgun and shells used by appellant. Two houses located to the west and
Richardson's cattle stalls and another neighbor's building across the road and to the east
were within throwing distance from where appellant discharged the firearms. Richardson
confirmed a yellow street sign indicating, "Slow - Children At Play" is displayed in the
vicinity. Other evidence established that a nearby home was occupied by children and
another home was occupied by a sick, disabled woman.

 One of appellant's friends, who had previously pled guilty to deadly conduct, testified
he and appellant were facing north while shooting cans on the fence post, and he did not
see any buildings when the firearms were discharged. All three individuals discharged the
shotgun in an upwards direction at birds flying overhead. On cross-examination, he denied
shooting at any houses and didn't think appellant had fired in the direction of any houses. 
He also denied seeing or shooting at a street sign indicating, "Slow - Children At Play." 

 From the circumstantial evidence presented, the jury could have inferred that
appellant was aware of, but consciously disregarded, the substantial and unjustifiable risk
of harm to an occupant of a nearby house or building and that his conduct constituted a
deviation form the standard of care exercised by an ordinary person under the
circumstances. We conclude the evidence is legally and factually sufficient to support
appellant discharged firearms at or in the direction of a building and acted recklessly
regarding whether the building was occupied. His sole issue is overruled. 

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. Although appellant does not specify if he is challenging the legal or factual
sufficiency of the evidence, the only case he cites reviewed both. See Ford v. State, 38
S.W.3d 836, 846 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). In the interest of justice,
we will conduct a legal and factual sufficiency review. 



Medium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00254-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
28, 2011

 



 

IN RE R. WAYNE JOHNSON, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Relator R. Wayne Johnson, acting pro se, seeks a writ of mandamus
directed at respondent, the Honorable Robert W. Kinkaid, Jr., Judge of the 64th
District Court of Hale County.  Relator=s amended petition asks that we
direct Judge Kinkaid to sign an order granting relators
request for a temporary restraining order. We will deny relators
amended petition.

To be entitled to mandamus relief in
a circumstance like this, a relator must show that
the trial court clearly abused its discretion and the relator
has no adequate remedy by appeal.  In
re McAllen Medical Center Inc., 275 S.W.3d 458, 462 (Tex. 2008), citing
In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).   The mandamus record must include every
document that is material to the claim for relief and that was filed in the
underlying proceeding.  Tex. R. App. P. 52.7; Dallas
Morning News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992).  This means relator
must provide an adequate record to substantiate the allegations contained in the
petition for mandamus.  Id.; Packer, 827 S.W.2d
833, 837 (Tex. 1992).  Absent a
sufficient record, mandamus will not issue. 
Id.  

 Relator asserts he
filed a TRO and an amended TRO in the trial court and sent copies directly
to respondent.  The record
does not contain copies of either application, making the record insufficient
on which to grant relators petition for
mandamus.  Tex. R. App. P. 52.7; Dallas Morning News, 842
S.W.2d at 658; Packer, 827
S.W.2d at 837.  For that reason alone, relators petition must be denied. 

Moreover, relators
amended petition falls considerably short of demonstrating Judge Kincaid
clearly abused his discretion with respect to relators
request for relief.  The petition does
not demonstrate even minimal compliance with the rules regarding issuance of a
temporary restraining order.  See, e.g., Tex. R. Civ.
P. 680, 684. 

Nor does relator
demonstrate compliance with other provisions of law applicable to his civil
suit.  Through the numerous appeals and
original proceedings relator has filed in this court,
we take judicial notice of the prefiling order that
requires relator to obtain the permission of the
local administrative judge before filing a civil suit in a Texas court.[2]  See
Tex. Civ. Prac.
& Rem. Code Ann. § 11.101 et seq.
(West 2002); Tex. R. Civ. P. 685 (on grant of temporary restraining
order, cause shall be entered on docket of court if not pertaining to pending
suit).  Nothing shows relator
has complied with Chapter 11 of the Civil Practice and Remedies Code.  

Relators petition indicates also that relator is an inmate in the Institutional Division of the
Texas Department of Criminal Justice. 
The action he seeks to bring in Judge Kincaids court is not brought
under the Family Code.  The action
therefore is subject to the inmate litigation provisions of Chapter 14 of the
Civil Practice and Remedies Code, and nothing demonstrates relator
has complied with its requirements.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.002 (scope of chapter), 14.004 (requiring filing of
affidavit relating to previous filings) (West 2009).

For all those reasons, relators mandamus petition fails to demonstrate an abuse
of discretion on Judge Kincaids part.   

Lastly, while the body of relators petition for mandamus indicates he is asking this
court to order Judge Kincaid to either grant or deny his request for a
temporary restraining order, the order relator has
submitted with his petition, which relator requests
that we direct the judge to sign, grants the relief sought.  Relator thus is not
simply asking us to direct the trial court to rule, he is asking us to direct
the ruling of the trial court on a matter on which it has not ruled, an improper request. 
See, e.g., In re Duffy, No. 07-09-0090-CV, 2009
Tex. App. Lexis 2738, at *4-5 (Tex.App.--Amarillo
Apr. 20, 2009, orig. proceeding) (mem. op.); In re Minnfee,
No. 07-09-0005-CV, 2009 Tex. App. Lexis 332, at *1-2 (Tex.App.--Amarillo
Jan. 16, 2009, orig. proceeding) (per curiam).  

For the reasons stated, we deny the
petition for writ of mandamus.[3]  

 

                                                                                                James
T. Campbell

                                                                                                            Justice











[1]  John T. Boyd, Chief Justice (Ret.), Seventh
Court of Appeals, sitting by assignment. 





[2] See In re R. Wayne Johnson, No.
07-09-0035-CV, 2009 Tex. App. Lexis 6831, *4-5 (Tex.App.--Amarillo
Aug. 27, 2009, orig. proceeding) (per curiam, mem. op.) (addressing order of
156th Judicial District Court of Bee County declaring relator
a vexatious litigant). Order available at http://www.courts.state.tx.us/oca/vexatiouslitigants.asp.
Nothing in relators petition or the record indicates
he obtained, or even requested, permission of the local administrative judge to
file his civil suit.  See Tex. Civ. Prac.
& Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant
subject to prefiling order unless litigant obtains
order from local administrative judge permitting filing).





[3]
In this
proceeding, relator also has filed a motion in which
he suggests the trial court lacks jurisdiction over the suit he filed in Hale
County because of the mandatory venue provision of § 15.019 of the Civil
Practice and Remedies Code.  Tex. Civ. Prac. &
Rem. Code Ann. § 15.019 (West 2009). 
Relator is incarcerated in Potter County. A court does not lack
jurisdiction merely because it is an improper venue under the mandatory venue
provision of § 15.019 of the Civil Practice and Remedies Code. 
Scott v.
Gallagher, 209
S.W.3d 262, 264 (Tex.App.--Houston [1st Dist.] 2006,
no pet.); In re Johnson,
12-07-00032-CV, 2007 Tex. App. LEXIS 673 (Tex. App.--Tyler Jan. 31, 2007, orig.
proceeding) (mem. op). If a cause of action
is a statutory cause of action, as opposed to a constitutional or common law
cause of action, and the statute provides that suit must be prosecuted in the
courts of a single county, such provisions have been said to be
jurisdictional.  See State
v. Benavides, 772 S.W.2d 271, 273 (Tex.App.Corpus
Christi 1989, writ denied) (so holding and citing cases). Having no trial court pleadings before us, we are not in
a position to consider whether relators underlying
suit implicates the doctrine discussed in Benavides, 772 S.W.2d at 273. 
Because the record before us is inadequate and because of the procedural
posture of the case in the trial court, we decline to address relators motion further. 
Accordingly, relators motion is dismissed.