## CLAUDE STOKES v. THE STATE.

No. 16763. Delivered May 23, 1934.

378

The opinion states the case.

*H. L. Carpenter*, of Greenville, for appellant.

*Lloyd W. Davidson*, States' Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was to the effect that, on the 26th of October, 1932, someone burglarized the freight depot at Celeste and took therefrom some shoes and pocket knives. Sometime after the burglary appellant offered to sell some pocket knives and shoes to a number of persons. The State made an effort to identify the articles appellant had in his possession by showing that they were of the same kind as the property stolen from the freight house.

Appellant did not testify in his own behalf, but introduced several witnesses who testified that the knives and shoes had been won by appellant in a game of chance at Crawley's filling station in Leonard, Texas. In short, if the testimony of these witnesses had been believed the jury would have acquitted appellant. Appellant timely and properly excepted to the charge of the court for its failure to embrace an instruction covering this affirmative defense. In addition to excepting to the charge, appellant submitted a requested instruction on the subject. The court declined to amend the charge, and refused to submit the requested instruction. Nowhere in the charge was appellant's defense affirmatively submitted to the jury. The rule is well settled that, where the accused on trial presents affirmative evidence going to show the existence of facts which would constitute a defense against the charge it is his right to have such matter affirmatively submitted in the charge of the court. Pinkerton v. State, 244 S. W., 606, and authorities cited. Reversible error is presented.

It is shown in two bills of exception that the State proved

by the officer having appellant in custody that during the time appellant was under arrest he did not tell him (the officer) that he got the knives and shoes from a man in the town of Leonard, and further, that appellant kept silent concerning the matter. These bills present reversible error. The State could not avail itself of appellant's silence during the time he was under arrest as evidence of guilt, or as destructive of the explanation given upon the trial of his possession of the property. Taylor v. State, 42 S. W. (2d) 426, and authorities cited.

The State's attorney before this court confesses error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.