## WILLIE BILL MAYES v. STATE

### No. 27,658. October 12, 1955

*E. A. Blair,* Lubbock, for appellant.

*James Weeks,* County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Our original opinion herein is withdrawn, and the following is substituted in lieu thereof.

The offense is procuring; the punishment, three months in jail and a fine of $200.00.

A police officer in plain clothes visited a hotel in Lubbock where appellant was a porter. He testified that he asked appellant if he had any girls or prostitutes at the hotel, to which appellant replied, "Well, I don't have any here, the police department has made it kind of tough on us, but I think I can call you one."

The officer testified that the appellant advised him that he would have to rent a room, which would cost $1.50; that he paid the money and signed the register; and that the appellant went to the telephone and dialed a number, which he noted.

The officer testified that he advised his two fellow officers, who were waiting in a car, of his progress and waited in the room to which he was taken by appellant for about ten minutes, when a girl arrived and discussed the price she asked for her carnal favors.

The girl was thereupon placed under arrest, as were appellant and the man who drove the girl to the hotel.

Appellant, testifying in his own behalf, gave a somewhat different version of the affair. He testified that the officer first rented a room and then "asked me if I could get him a girl" and "I told him 'No, sir' "; that the officer then showed him a telephone number and told him to call that number and ask for "Kay"; that he placed the call as requested, and some time later a girl came.

He denied that he was acquainted with the girl or her companion, or had seen her before, and denied that he had any knowledge that she was called or went to the room for the purpose of sexual relations.

The sole question presented for review is appellant's contention that the trial court erred in failing to submit to the jury the affirmative defense raised by the appellant's testimony.

We must now determine if such testimony in fact constitutes an affirmative defense.

The state had charged that the appellant did invite, solicit, procure and allure a female to the Hall Hotel for the purpose of

meeting and having sexual intercourse with a male person and had substantiated such charge by the testimony of the officer.

His testimony merely denied that he invited the woman to come to the hotel for the purpose of having sexual intercourse. That is the gravamen of the offense, and who furnished the number or the name of the girl is only incidental. If he knew that she was wanted for the purpose of prostitution when he called her, he is guilty. His testimony that he did not know is merely a denial of an essential element of the state's case and does not constitute an affirmative defense.

Finding no reversible error, the judgment is affirmed.