Lloyd Edward SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1126–84.

Court of Criminal Appeals of Texas,
En Banc.

April 2, 1986.

Carlton McLarty, Roderique S. Hobson, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., and Hollis M. Browning, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted for the felony offense of burglary of a building. V.T. C.A. Penal Code, sec. 30.02(a)(3). The jury assessed punishment at eighteen years confinement in the Texas Department of Corrections. The Fort Worth Court of Appeals affirmed his conviction in a published opinion. *Sanders v. State*, 675 S.W.2d 343 (Tex.App.—Fort Worth 1984). We granted review to determine the correctness of the Court of Appeal's holding that the trial court did not err in failing to submit, after timely request, the defensive issue of "good faith" purchase. We will affirm the Court of Appeals.

Appellant was arrested for the offense of burglary of a building. In the early morning hours of January 16, 1983, Arrow Pawn Shop in Lubbock was burglarized. The only item taken therefrom was a guitar.

Appellant was found five blocks from the pawn shop approximately twenty to thirty minutes after the offense was committed. He was carrying the stolen guitar, which still had the Arrow Pawn Shop price tag affixed to the neck. Upon being questioned, appellant offered an explanation that he had, five minutes earlier, bought the guitar for $25.00 from an unknown Mexican male in an alley. Appellant admitted that the money used to purchase the guitar, in addition to the purchase of a meal and bottle of wine, came from a recent paycheck. In rebuttal the State established, through testimony, that the appellant had driven a cab for one day and had been paid $25.25 for his services the day before the offense was committed.

The court's charge included the usual definitions and an "application of the law to the facts" paragraph which required the jury to find, beyond a reasonable doubt, that the appellant committed the offense as alleged in the indictment before the jury could find him guilty. The trial court also charged on the State's burden of proof and the appellant's presumption of innocence. The appellant timely and specifically objected that the jury charge, inter alia, failed to include the "defense of a good faith purchase" of the property by the appellant. The trial court overruled the objections and no affirmative defensive charges were given to the jury.

The Court of Appeals found it unnecessary to decide whether the instruction requested by the defendant was required in a burglary case, because "Sanders presented no facts at trial which would show that he did not believe that the guitar was stolen". The Court of Appeals did not believe the facts presented a viable defense. In effect, the Court of Appeals substituted it's judgment for that of the fact finder and determined that the appellant's defense was not credible and found that no instruction was required.

As the appellant correctly asserts, contrary to the State's position and the Court of Appeal's opinion, it is not for the

trial court to judge the reasonableness or viability of the alleged defense; such determination is rightfully left to the trier of facts, in this case the jury. *Gavia v. State*, 488 S.W.2d 420 (Tex.Cr.App.1973). The State's reliance on *Varela v. State*, 553 S.W.2d 111 (Tex.Cr.App.1977) and *Denison v. State*, 651 S.W.2d 754 (Tex.Cr.App.1983), is misplaced. *Varela* supra, involved the quantum of evidence necessary to trigger a trial judge's duty to, sua sponte, withdraw a defendant's plea of guilty. *Denison*, supra, also relied upon by the State, does not stand for the proposition that a trial judge must initially determine the reasonableness of a defense *before* submitting such issue to a jury. *Denison* simply held that the evidence did not raise the defense of insanity; therefore there was no error in failing to charge on insanity.

■ Appellant relies on the well-known legal principle that a defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion the testimony is not entitled to belief. *Booth v. State*, 679 S.W.2d 498 (Tex.Cr.App.1984); *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr.App.1984); *Warren v. State*, 565 S.W.2d 931 (Tex.Cr.App.1978).

The appellant cites us to the 1934 case of *Stokes v. State*, 71 S.W.2d 882 (Tex.Cr.App.1934) and *Cozby v. State*, 506 S.W.2d 589 (Tex.Cr.App.1974). In *Stokes*, supra, the defendant was charged with burglary. His defense was that he won the stolen property in a game of chance some time after the burglary. This Court held that "the rule is well settled that, where the accused on trial presents affirmative evidence *which would constitute a defense*[1] against the charge, it is his right to have such matter affirmatively submitted in the charge of the

court." *Stokes*, supra, at 883. *Cozby*, supra reaffirmed that rule.

The appellant relies upon *Stokes* for the proposition that "good faith purchase" is *an affirmative defense* that requires an *affirmative instruction*. *Stokes* in turn relies upon *Pinkerton v. State*, 92 Tex. Cr.R. 449, 244 S.W. 606 (1922). In *Pinkerton*, supra, the defendant was charged with rape. His only defense was that the prosecutrix was of "unchaste character". The trial court instructed the jury that if they had a reasonable doubt as to the chastity of the prosecutrix, they were to find the defendant not guilty. The defendant requested a charge, which differed from the charge as given only to the extent that it instructed the jury that they must acquit the defendant if they had a reasonable doubt as to the chastity of the prosecutrix.

This Court in *Pinkerton*, supra, recognized that the question was a close one and "confessed that the sufficiency of the charge was not free from doubt". *Pinkerton*, supra, at 607, 92 Tex.Cr.R. 449. Out of concern for the defendant, due to his youth and the seriousness of the charge, the conviction was reversed. We are unpersuaded that the charge in *Pinkerton*, supra, was at all incorrect. Moreover, the language in *Pinkerton* clearly refers to the giving of converse charges rather than defining defenses as affirmative defenses and thereby requiring affirmative charges. Therefore, we find this Court in *Stokes*, supra, incorrectly relied upon *Pinkerton*.[2]

In addition, *Stokes* and *Pinkerton* predate the 1974 Penal Code. This Court has, since the enactment of the new Penal Code, noted that the Penal Code specifically lists "defenses" and that the bench and bar should not use the term "defense" for an issue not so specifically labeled by the Code. See *Williams v. State*, 630 S.W.2d 640 (Tex.Cr.App.1982).

---

1. All emphasis is supplied by the written herein unless otherwise indicated.

2. The Court of Appeals held that *Stokes* was distinguishable from the case at bar, since *Stokes* did not involve "an acquisition of proper-

ty by purchase." We find this to be a distinction without a difference. Nonetheless we believe the rationale in *Stokes* to be flawed and are convinced it was wrongly decided.

■ A perusal of the new Penal Code assures one that a defense does not merely negate an element of an offense. Rather, in all of the Code's defenses, one principle runs consistently throughout: evidence which constitutes a defense requires the accused to admit the commission of the offense, but to justify or excuse his actions so as to absolve him of criminal responsibility for engaging in conduct which otherwise constitutes a crime. Thus, for example, to claim the defense of entrapment one must admit commission of the crime. See V.T.C.A. Penal Code, sec. 8.06. See also, generally, chapter 8, Texas Penal Code. Such a defense would consist of facts which exonerate the defendant and *do not simply disprove an element of the offense.* Indeed, in *Miller v. State,* 660 S.W.2d 95 (Tex.Cr.App.1983), in discussing the defense of alibi, we noted that all statutory affirmative defenses generally apply to *justify the defendant's admitted participation in the act itself.*

■ This Court has long held that, if the alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given. *Simmons v. State,* 594 S.W.2d 760 (Tex.Cr.App.1980) (in conspiracy case, no charge on "independent impulse defense" required—application of law to facts requiring finding defendant guilty beyond a reasonable doubt sufficient); *Wilson v. State,* 581 S.W.2d 661 (Tex.Cr.App.1979) (on motion for rehearing); *Green v. State,* 566 S.W.2d 578 (Tex.Cr.App.1978); *Laws v. State,* 549 S.W.2d 738 (Tex.Cr.App.1977) (no charge required on misidentification); *Kirkland v. State,* 162 Tex.Cr.R. 424, 285 S.W.2d 743 (1955); *Mayes v. State,* 162 Tex.Cr.R. 105, 282 S.W.2d 709 (1955); *Gilmore v. State,* 158 Tex.Cr.R. 534, 257 S.W.2d 300 (1953); *Kimbro v. State,* 157 Tex.Cr.R. 438, 249 S.W.2d 919 (1952); *Sharp v. State,* 150 Tex.Cr.R. 169, 199 S.W.2d 159 (1947); see also: *Pelham v. State,* 664 S.W.2d 382 (Tex.App.—Amarillo 1983), pet. ref'd. (rape charge; impossibility not a defense to rape charge but merely negates an element—no charge necessary); *Neal v. State,* 626 S.W.2d 879 (Tex.App.—San Antonio 1981), pet. ref'd.

The confusion perhaps lies in this Court's failure to define the term "defense" and its ambiguous use of the terms "defensive theory or defensive issue." This Court as early as 1950 noted some confusion in this area. In *Royal v. State,* 154 Tex.Cr.R. 567, 228 S.W.2d 162 (1950), *reh. den.,* 154 Tex.Cr.R. 567, 229 S.W.2d 808 (1950), a defendant charged with aggravated assault with intent to kill testified that he did not intend to kill or harm but merely to frighten the complainant. This Court stated:

"This is not an affirmative defense, but only a negative statement. It is sometimes very difficult to distinguish, under the holdings of our court, the difference between a negative defense and an affirmative defense requiring an affirmative charge." *Royal,* supra, 154 Tex.Cr.R. 567, 228 S.W.2d at 163.

This Court went on to state that appellant's "defense" merely negated an element of the crime and no affirmative defensive charge was required. Insofar as *Stokes,* supra, and *Cozby,* supra fail to make this important distinction, they were incorrectly decided and are overruled.

■ We believe that appellant's testimony presenting a "defense of good faith purchase" negated his entire participation in the offense of burglary. In the circumstances of this case, therefore, his testimony did not justify participation in the offense; rather, it implicitly denied *any,* participation. Such a denial does not constitute an affirmative defense requiring inclusion in the charge to the jury.[3] The instruction was properly denied by the trial court.

The judgment of the Court of Appeals is affirmed.

ONION, CLINTON and TEAGUE, JJ., concur in result.

---

3. Testimony by a defendant of good faith purchase in other circumstances might acknowledge participation, thus justifying a defendant's conduct in the same manner as an affirmative defense (e.g. appellant charged with possession of stolen goods).