Patricia KYLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 87 183 CR.

Court of Appeals of Texas,
Beaumont.

March 9, 1988.

Douglas M. Barlow, Beaumont, for appellant.

R.W. Fisher, Asst. Crim. Dist. Atty. and Tom Maness, Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated assault, enhanced, and the jury sentenced her to five years in the Texas Department of Corrections. Appeal has been perfected to this court.

Point of error number one states:

"Reversible error occurred when the prosecutor commented improperly on the presumption of innocence."

The prosecutor's comments follow:

"Now, one of the things that the Defendant is entitled to, and everybody has heard about, is, the presumption of innocence.

"As the Defendant sits there, right now, ... she is presumed to be innocent. Just like when you go to the grocery store and get a carton of eggs. You presume that all twelve of those eggs are good.

"Well, you come home, and, maybe, a day later,—and, of course, the date on the box is a week later—a day later, you go and you crack open an egg, and you find the egg is bad, well, just like the presumption of innocence, your presumption of all twelve eggs being good, has been destroyed.

"You don't presume that all—if you get any more—and you're going to be cautious,—if the next ones you open up.

"Likewise, the presumption of innocence does not mean you're innocent, and, certainly, once evidence is presented—

"[DEFENSE COUNSEL]: Objection, Your Honor. That's an improper statement.

\* \* \* \* \* \*

"It's improper—that means it's not a substantial right, the presumption of innocence; that you have to consider a person innocent, but it doesn't mean that they are really innocent.

"THE COURT: Overruled."

Appellant contends this comment by the prosecution in effect denied her right to the presumption of innocence guaranteed by *TEX.CODE CRIM.PROC.ANN. art. 38.03* (Vernon Supp.1988) and many other authorities, state and federal.

It would have been better if the comment had not been made, but the question is

whether it harmed Appellant. If every loose remark in a criminal case was cause for reversal, very few convictions would ever stand up. And, there is some philosophic substance in what the prosecutor said. In 1 R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 88 (Texas Practice 3d ed. 1980), we find:

"In connection with this so-called presumption of innocence two fallacies must be pointed out: First, it is not a true presumption. The expression is merely another way of stating the rule as to the burden of persuasion in criminal cases, i.e., that the prosecution must offer evidence sufficient to persuade the jury beyond a reasonable doubt of the defendant's guilt. Until this is done the accused may rest. That the presumption of innocence means this and nothing more in criminal cases is borne out by the fact that it is always used in connection with the rule as to reasonable doubt. It does, however, serve as a caution to the jury that they are to consider nothing but the evidence in passing upon accused's guilt. Second, the presumption is not evidence to be weighed by the jury. Although some courts so treat it, this appears to be erroneous. Fortunately, the Texas courts have not fallen into this error."

This point of error is overruled.

■ Appellant's final point of error contends:

"The Trial Court made an improper comment on the evidence in its instructions to the jury."

That part of the court's instruction objected to follows:

"Our law requires that I submit the following charge to you in this case. This charge contains all of the law necessary to enable you to reach a verdict. Instructions must be given on every issue raised by the evidence, *whether it is strong, feeble, unimpeached or contradicted, and whether or not the Court is of the opinion it is entitled to belief.*" (Emphasis supplied)

Appellant quotes us *TEX.CODE CRIM. PROC. art. 38.05* (Vernon 1979):

"Art. 38.05. Judge shall not discuss evidence

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

The comment made by the trial judge is the law in Texas. In *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986), we find the following:

"[A] defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion the testimony is not entitled to belief."

But, of course, this does not mean the trial judge should so charge the jury. However, errors in the charge do not require an automatic reversal. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim.App. 1985). In this case, because of the evidence, we find that the instruction caused no harm to the Appellant. This point is overruled.

The judgment of the trial court is affirmed.

Affirmed.