bryan v. State 






NO. 10-90-086-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DIRK LEE BRYAN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 220th Judicial District Court
Bosque County, Texas
Trial Court # 89-12-11369-BCCR

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted of sexual assault, and a jury assessed his punishment at ten years
in prison, probated, and a $10,000 fine. See Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon
1989). Points on appeal relate to the charge. The judgment will be reversed and the cause
remanded for a new trial.
          Appellant objected that the charge failed to include "mistake of fact" as a defensive issue,
claiming that his belief that the victim was promiscuous was reasonable and raised by the
evidence. He also requested in writing that the following be submitted to the jury:
You are instructed that it is a defense to prosecution that a person through mistake
formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of
culpability required for commission of the offense.
A reasonable belief means a belief that would be held by an ordinary and prudent
man in the same circumstances as [Appellant].
Point one is that the court erred when refused to charge on mistake of fact.
          Appellant was charged with penetrating the vagina of the victim with his finger. 
Promiscuity is a defense to prosecution for sexual assault of a child when "the child was at the
time of the offense 14 years of age or older and had prior to the time of the offense engaged
promiscuously in conduct charged under Subsection (a)(2)." Id. at § 22.011(d)(1). Section
22.011(a)(2) describes the conduct with which Appellant was charged. Id. at § 22.011(a)(2).
          Mistake of fact is a defense when the defendant mistakenly "formed a reasonable belief
about a matter of fact if his mistaken belief negated the kind of culpability required for commission
of the offense." Id. at § 8.02(a) (Vernon 1974). Furthermore, the defense of mistake of fact is
based solely on the mistaken belief of the defendant, and the conduct of others is considered only
to the extent that it contributes to that mistaken belief. Kennard v. State, 649 S.W.2d 752, 758
(Tex. App.--Fort Worth 1983, pet. ref'd).
          Upon timely request, a defendant is entitled to the affirmative submission of every
defensive issue raised by the evidence. Sanders v. State, 707 S.W.2d 78, 80 (Tex. Crim. App.
1986). Therefore, because promiscuity of the victim is a defense to sexual assault of a child,
Appellant was entitled to an instruction regarding his mistake of fact about her promiscuity if the
evidence raised an issue about his mistake of fact.
          The victim met Appellant at a bar. On that night, she became ill in front of Appellant and
her parents from drinking too much alcohol. Appellant testified that the victim told him that she
had spent a weekend alone with her boyfriend and that, based on her admission, he assumed that
she was not a virgin. He also claimed that he observed the victim and her sisters engage in
various sexual contact with boys and that the parents apparently condoned their daughters'
activities. Furthermore, Appellant's sister had asked him to get the victim and her sisters away
from her house because she did not like the way they were touching each other. Appellant's sister
testified that she observed the victim and a boy kissing and rubbing each other's buttocks. She
said that the boy's hands were "basically [all over the victim's] body."
          Based on this testimony and the record as a whole, the evidence raised the defensive issue
of mistake of fact with regard to the victim's promiscuity. Accordingly, because Appellant timely
objected to the charge and timely requested the submission of the issue, he was entitled to have
the jury consider the defense, and the court erred when it refused to submit an instruction on
mistake of fact. Point one is sustained.
          Appellant's second point, that the court erred when it overruled his objection to the charge
on promiscuity, is not reached. The judgment is reversed and the cause remanded for a new trial.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed June 20, 1991
Do not publish



x. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). We
review a dismissal pursuant to Chapter 14 of the Civil Practice and Remedies Code under an
abuse-of-discretion standard. Allen v. Tex. Dept. Crim. Just., 80 S.W.3d 681, 682 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied); Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.—Waco 1996, no writ).
      It is undisputed that Walp did not file this suit until thirty-six days after he received the
written decision on his grievance. Walp contends that the thirty-one day limit should be
equitably tolled because of his attempt to file the lawsuit in the wrong county.
      Courts apply the doctrine of equitable tolling “sparingly.” Hand v. Stevens Transp., Inc.
Employee Benefit Plan, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet) (quoting Irwin
v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435
(1990)). Factors to be considered in deciding whether this doctrine should be employed are:
(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the
filing requirement; (3) plaintiff’s diligence; (4) absence of prejudice to the defendant; and (5)
plaintiff’s reasonableness in remaining ignorant of the filing requirement. See id. (citing Jobe
v. INS, 238 F.3d 96, 100 (1st Cir. 1999)).
      There are really two filing requirements at issue here. The first is the 31-day limit
established by section 14.005(b). Walp was plainly aware of this requirement. The second is
the mandatory venue provision of section 15.019 of the Civil Practice and Remedies Code
which provides in pertinent part, “[a]n action that accrued while the plaintiff was housed in a
facility operated by or under contract with the Texas Department of Criminal Justice shall be
brought in the county in which the facility is located.” Tex. Civ. Prac. & Rem. Code Ann. §
15.019(a) (Vernon 2002).
      Walp contends that his suit did not “accrue” until he received notice that his grievance was
denied. Thus, he contends that Walker County is the county of proper venue. However, “a
cause of action accrues . . . when ‘the wrongful act effects an injury.’” Lubbock County v.
Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002) (quoting Computer Assocs.
Intl., Inc. v. Altai, Inc., 918 S.W.2d 453, 461 (Tex. 1996)). The fact that an inmate must first
pursue this claim through the prison system’s inmate grievance system does not alter the time
or location in which the “wrongful act” occurred. See id. (cause of action against county for
reimbursement accrued when alleged overpayment made to county, not after claim has been
rejected following presentment to commissioners court).
      Walp is presumed to know the law. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 n.3 (Tex. 1990); Dewhurst v. Gulf Marine Inst. of Tech., 55 S.W.3d 91, 97 (Tex.
App.—Corpus Christi 2001, pet. denied). Therefore, Walp is charged with constructive
knowledge of the mandatory venue requirement. See Bank One Tex., N.A. v. Ameritrust Tex.,
N.A., 858 S.W.2d 516, 521 (Tex. App.—Dallas 1993, writ denied). Walp’s status as a pro se
litigant does not change this. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85
(Tex. 1978); Goss v. Bobby D. Assocs., 94 S.W.3d 65, 69 (Tex. App.—Tyler 2002, no pet.);
Giddens v. Brooks, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied); Foster
v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).
      At least one court has determined that the filing of a lawsuit in a county of improper venue
does not support a request for equitable tolling. See Heart Hosp. IV, L.P. v. King, 116
S.W.3d 831, 836-37 (Tex. App.—Austin 2003, pet. filed).
      We also note that Walp could have been more diligent in filing his suit. He acknowledges
that he received notice from the Walker County district judge on August 13 that his suit should
be filed in Liberty County. However, he did not mail his petition to the Liberty County
district clerk until six days later. Walp had three days in which to revise his petition and send
it to Liberty County to meet the 31-day requirement. While his conduct does not amount to a
gross lack of diligence, his delay is a factor the court may have considered in declining to
equitably toll the 31-day requirement. See Hand, 83 S.W.3d at 293.
      In light of the foregoing, we cannot say that the trial court abused its discretion by denying
Walp’s request to toll the 31-day requirement of section 14.005(b). See Allen, 80 S.W.3d at
682; Hickson, 926 S.W.2d at 398. Accordingly, we overrule Walp’s first point.
      We need not address the remainder of Walp’s points. We affirm the judgment.
 
FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed March 10, 2004
[CV06]