NO. 07-05-0278-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 11, 2007

_____

CALLIE N. LONG, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,583; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

By presenting five issues for our decision, appellant Callie N. Long challenges her

conviction of intoxication manslaughter and the ensuing punishment assessment of two

years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

In those issues, she queries whether: 1) the evidence was both legally and factually

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).

sufficient to demonstrate that the accident giving rise to her conviction occurred by reason of her intoxication; and whether the trial court erred by 2) failing to include in the jury's charge the lesser-included offense of driving while intoxicated; 3) charging the jury that concurrent causation was sufficient to convict, thereby unconstitutionally shifting the burden of proof to appellant to demonstrate that intoxication was not a cause of the accident; 4) admitting the State's expert witness testimony and evidence which was based on conditions shown to be dissimilar to the conditions prevalent when the accident occurred; and 5) failing to suppress evidence of statements made by arresting officers after appellant had invoked her right to counsel. For the reasons expressed below, we reverse the judgment of the trial court and remand this cause for retrial.

The nature of the questions posed by this appeal requires us to review the evidence in the case in some detail. On the night of August 27, 2003, Brett Walrath had been for a bicycle ride with a friend, Antwan Alexander. The pair rode from Walrath's home in south Lubbock to a Walmart parking lot located at the intersection of Quaker Street and South Loop 289. They waited for a friend for a short while and then, at approximately 11:00 p.m., decided to return to Walrath's home by riding in an easterly direction on the South Loop access road. While the duo was doing so, Walrath was struck from the rear by a vehicle driven by appellant.

Appellant had attended an appreciation party for workers who had raised funds for the Texas Tech museum. At the party, which lasted until approximately 10:00 p.m., she admitted that she had drunk approximately two glasses of wine, but averred that her last glass was imbibed around 8:30 p.m. After helping clean up after the party, she and several of the attendees, including Chris Winn, went to the Outback Steakhouse on South Loop

2

289, which was located just to the east of the Walmart store. While at the Outback, appellant admitted she had another drink. After the group left the steakhouse, appellant pulled out on the highway and shortly thereafter struck Walrath from the rear. She testified that at the time of the impact, she was making a left-hand shoulder check preparatory to turning north on Indiana Avenue and did not see Walrath. The collision with Walrath resulted in damage to the front part of appellant's automobile and her windshield and left some deposits of blood and tissue on the front part of the car.

Appellant did not immediately stop but pulled into the parking lot of a fast food restaurant. She averred that she remained at the lot until she regained her composure and started back to the scene. She called 911 some eight or nine minutes after the incident and, she said, was told to stop where she was on Memphis Avenue, a couple of blocks south of the Loop 289 access road.

In the meantime, Walrath had come to rest in the roadway of the access road. His companion, Alexander, using his cell phone, called 911 and began trying to wave down traffic. Several other individuals stopped and attempted to aid him. However, in spite of those efforts, Walrath was struck by a car driven by Chris Winn. It was Alexander's testimony that the second car hit Walrath's legs. Emergency personnel arrived shortly thereafter and began directing traffic around the accident site. Someone notified the Lubbock police that a heavily damaged vehicle was parked on Memphis Avenue up the street from the accident scene.

The police went to the Memphis Avenue location and found appellant in her automobile. She was asked to get out of her car and because one of the officers detected an alcohol odor, field sobriety tests were administered to her, which she was unable to

3

perform satisfactorily. She was placed under arrest and conveyed to the University Medical Center in Lubbock where a blood specimen was taken from her which was ultimately tested and shown to have a .13 blood alcohol concentration.

## Discussion

As we have noted, the first issue presented by appellant is that the evidence was legally and factually insufficient to support the jury verdict. In appeals in which both legal and factual sufficiency questions are presented, we must first determine if the evidence is legally sufficient to sustain the verdict. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). In determining the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making that determination, we consider all of the evidence presented, whether properly or improperly admitted, *Green v. State,* 893 S.W.2d 536, 538 (Tex. Crim. App. 1995) and, without examining the factfinder's weighing of the evidence, determine if there is evidence supporting the verdict. *Clewis v. State,* 922 S.W.2d at 132 n.10. A sustention of the legal sufficiency challenge requires a judgment of acquittal.

In contrast, resolution of a factual sufficiency challenge requires the reviewing court to view all of the evidence in a neutral light, favoring neither party, *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000), and it may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d at 129. Moreover, in conducting the review, the reviewing court must

give appropriate weight to the factfinder's conclusion so as not to substantially intrude upon the factfinder's role as the sole judge of the weight and credibility given to witness testimony. *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

In reviewing the sufficiency of the evidence to support the verdict under the charge given, the record shows that when contacted by the police officers some nine minutes after the accident, appellant had the odor of an intoxicating beverage on her breath and she admitted having at least one glass of wine earlier as well some alcohol at the Outback after the museum gathering. The officers administered field sobriety tests to her which, they testified, she failed. A video of appellant's performance during the field sobriety tests was admitted into evidence. As a result of that performance, the officers opined that she was intoxicated. She was administered a blood test that indicated a blood level of .13 grams of alcohol per 100 milliliters of blood which was above the legal limit of .08 grams per 100 milliliters. There was also expert testimony that a blood level of .13 grams per 100 milliliters would adversely affect a person's night vision and reactions. The record contains conflicting and extensive testimony about the conditions prevalent at the time of the accident, the location of the deceased's bicycle on the access road at the time of the accident, as well as the probable effect of appellant's physical state. Under the record before us, the evidence was both legally and factually sufficient to sustain the jury's resolution of the fact questions presented to it if the jury was correctly charged.

Having made the decision as to the sufficiency of the evidence, it next becomes our task to consider appellant's contention that the trial court reversibly erred in refusing to charge the jury on the lesser-included offense of driving while intoxicated.

5

A defendant is entitled to a charge on a lesser-included offense if: 1) proof of the charged offense includes the proof required to establish the lesser-included offense, and 2) there is some evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is only guilty of the lesser offense. *Ferrel v. State,* 55 S.W.3d 586, 589 (Tex. Crim. App. 2001). Indeed, anything more than a mere scintilla of evidence is sufficient to entitle a party to a lesser-included charge. *Id.*

In this case, appellant was charged with the offense of intoxication manslaughter. *See* Tex. Penal Code Ann. § 49.08 (Vernon 2003). Intoxication manslaughter is committed if a person: 1) operates a motor vehicle in a public place; 2) is intoxicated; and 3) by reason of that intoxication, causes the death of another by accident or mistake. *Id.* § 49.08(a). Appellant timely requested that driving while intoxicated be included in the charge as a lesser-included offense of intoxication manslaughter. A person is driving while intoxicated (DWI) "if the person is intoxicated while operating a motor vehicle in a public place." *Id.* § 49.04(a). Because intoxication manslaughter includes all of the elements of DWI, intoxication manslaughter includes all the proof necessary to establish the offense of driving while intoxicated. Thus, the misdemeanor offense of driving while intoxicated is a lesser-included offense of intoxication manslaughter. *Ramirez v. State*, No. 01-05-0533-CR, 2006 Tex. App. LEXIS 5643 at *4-5 (Tex. App.–Houston [1st Dist.] June 29, 2006, pet. ref'd) (not designated for publication).

We must next ascertain whether some evidence is included in the record that would allow a rational juror to find that if appellant is guilty, she is only guilty of the requested lesser offense. *Ferrel v. State,* 55 S.W.3d at 589. In doing so, we do not consider whether

6

the evidence is credible, controverted, or in conflict with other evidence. *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). An accused is entitled to a lesser-included charge if some evidence "affirmatively refutes or negates" a required element of the charged offense. *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). A required element in the offense of intoxication manslaughter is causing the death of another by reason of the intoxication, an element not required in the requested lesser offense of DWI. It is not enough that the operation of a vehicle, even by an intoxicated person, causes the death of an individual; rather, the death must be the result of the intoxication and proof must be made of the thing that worked a causal connection between the intoxication and the fatal result. *Daniel v. State*, 577 S.W.2d 231, 233 (Tex. Crim. App. 1979); *Glauser v. State*, 66 S.W.3d 307, 313 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd).

In this case, there was evidence from Alexander that Walrath had veered from the shoulder into the lane of traffic in front of appellant, and there was also evidence that Walrath was not wearing sufficient reflective clothing to make him visible. Appellant's expert witness averred that because of the lighting conditions and the lack of sufficient reflective clothing, there was not sufficient time for the motor vehicle driver to perceive and react to the cyclist in the roadway. Additionally, there was testimony by appellant that at the time of the incident, she was checking for traffic by looking over her left shoulder and did not see Walrath. Moreover, subsequent to being hit by appellant, Walrath was run over by the car driven by Winn. Neither of the physicians that testified nor the medical examiner were able to determine exactly which of the impacts actually resulted in the brain stem

injury that caused Walrath's death. In sum, we can only conclude that appellant has produced more than a mere scintilla of evidence to negate the causation element of the charged offense of intoxication manslaughter and a rational juror could have found appellant guilty only of the lesser-included offense of DWI.

It next becomes our duty to determine if the failure to submit the lesser-included offense requires reversal. In a case such as this one, in which appellant has duly requested the submission of the lesser-included charge and timely objected to the failure to do so, we determine harm by conducting an *Almanza* harm analysis. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In conducting that analysis, in instances in which charging error exists, any harm regardless of degree, requires reversal. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).

In considering the necessary factors involved in making our *Almanza* decision, we note that the jury was charged on the lesser-included offense of intoxication assault. That charge allowed the jury to find that the degree of harm resulting from the collision was not entirely attributable to appellant, but it still required the same finding as that required in intoxication manslaughter, namely, that appellant's intoxication resulted in the collision. The jury was never given the option of finding that appellant was intoxicated but that the intoxication itself did not cause the collision. Thus, although there was more than a mere scintilla of evidence that appellant might be guilty only of the lesser-included offense of DWI, the trial court only gave the jury the options of convicting appellant of the charged offense of intoxication manslaughter or intoxication assault or acquitting her. *See Saunders v. Scott,* 913 S.W.2d 564, 571-72 (Tex. Crim. App. 1995). In considering

8

somewhat similar underlying facts, the First Court of Appeals, in two recent cases, opined that reversible error was shown. *See Henry v. State*, No. 01-05-0845-CR, 2007 Tex. App. LEXIS 224 at *12-13 (Tex. App.–Houston [1st Dist.] January 11, 2007, no pet.); *Ramirez v. State*, 2006 Tex. App. LEXIS 5643 at *7. Its reasoning in arriving at that conclusion is persuasive. Likewise, under the record in this case, we conclude that the failure to include the requested DWI charge caused some harm to appellant and requires reversal.

In arriving at that decision, we have not overlooked the State's argument that because appellant consistently denied that she was intoxicated, she was not entitled to the DWI instruction. In making that argument, the State relies upon the rationale explicated in *Johnson v. State*, 715 S.W.2d 402 (Tex. App.–Houston [1ˢᵗ Dist.] 1986, pet. ref'd). In *Johnson*, the court cited and followed the reasoning explicated and reaffirmed in *Sanders v. State*, 707 S.W.2d 78 (Tex. Crim. App. 1986) that if an alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given. *Johnson v. State,* 715 S.W.2d at 406. However, those cases are distinguishable.

In both *Johnson* and *Sanders*, the appellants were seeking reversal because of a refusal by the trial court to give affirmative defense instructions. In *Sanders*, the defendant was charged and convicted of the offense of burglary of a building. His complaint on appeal was that the trial court had refused to give an affirmative defensive instruction of good faith purchase of the property in question. In affirming the conviction, the Court of Criminal Appeals stated that "appellant's testimony presenting a 'defense of good faith purchase' negated his entire participation in the offense of burglary," and thus, it did not

9

amount to an affirmative defense which would entitle him to a charge. *Sanders v. State*, 707 S.W.2d at 81.

In *Johnson,* the appellant had been charged with the offense of murder. He was charged with killing his former wife by shooting her with a firearm. The trial court had refused to give a charge on self-defense. In its opinion, the appellate court noted that the appellant had consistently denied shooting his wife in self-defense or otherwise. *Johnson v. State*, 715 S.W.2d at 406-07. Thus, the appellate court reasoned, because the appellant had consistently denied any participation in the crime, he was not entitled to a self-defense charge. *Id.*

In the instant case, it is true that appellant denied she was intoxicated. However, this case does not involve the question of defensive charges bearing upon the guilt or innocence of the defendant. Rather, in this case, once the jury determined appellant was intoxicated, it was necessary for the charge to give the jury all the information it needed to decide which offense under the law she had committed by reason of her intoxication. For the reasons we have expressed above, the charge, as given, did not instruct the jury as to the full range of its options, under the evidence, in determining which offense appellant had committed.

Accordingly, we must and do hereby reverse the judgment of the trial court and remand the cause for retrial. That remand for retrial obviates the necessity for discussion of appellant's other points.

John T. Boyd
Senior Justice

Do not publish.

10