In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00398-CR


____________________



JACKIE DEESHAWN WELCH, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 19,120






MEMORANDUM OPINION


 A jury convicted Jackie Deeshawn Welch, Jr. of murder. The jury assessed
punishment at confinement in the Texas Department of Criminal Justice, Correctional
Institutions Division for a term of forty years. Welch raises four issues in his appellate brief. 
His first two issues, which he argues together, complain of the trial court's refusal to admit
evidence purporting to represent the deceased's known violent character pursuant to article
38.36 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.36
(Vernon 2005). His final two issues allege that the evidence was legally and factually
insufficient to sustain his conviction. We overrule these four issues and affirm.

 We will address issues three and four first. Welch combines his discussion of these
issues, and basically admits shooting the deceased, Clayton Junior Jones, to death. Welch
contends, however, that the killing was justified under the law of self-defense. The trial
court provided the jury with appropriate instructions on the use of force and deadly force in
defense of one's person. See Tex. Pen. Code Ann. §§ 9.31, 9.32 (Vernon Supp. 2008). (1)

 The record includes State's Exhibits 58 and 59, which are videos of oral statements
given by Welch during custodial interrogation regarding the events surrounding the killing
of Clayton Junior Jones. In his video statement, Welch does speak of an unspecified fear he
had of Jones at the time of the shooting, but does not mention the source of this fear
originating from either Jones's purported reputation for carrying a firearm, nor from the fact,
elicited during trial, that Jones approached Welch with a pit-bull puppy in his hands. Indeed,
his recorded statement indicates Welch had never heard of Jones prior to the day of the
shooting, and does not remember Jones having anything in his hands at the moment he shot
him. 

 Although Welch couches issues three and four as traditional legal and factual
sufficiency points, in reality he is challenging the legal and factual sufficiency of the
evidence to support the jury's rejection of his self-defense claim. When presented with such
issues, a reviewing court applies the same standards used in reviewing the sufficiency of the
evidence to support a verdict of guilt, looking at the sufficiency of the evidence to support
both the verdict as well as the rejection of the defense. See Zuliani v. State, 97 S.W.3d 589,
595 (Tex. Crim. App. 2003) (factual sufficiency standard); Saxton v. State, 804 S.W.2d 910,
914 (Tex. Crim. App. 1991) (legal sufficiency standard). Under the legal sufficiency
standard, when a defendant raises a defense, as opposed to an affirmative defense, the
reviewing court determines whether, after viewing all the evidence in the light most
favorable to the prosecution, any rational trier of fact would have found the essential
elements of the charged offense beyond a reasonable doubt and also would have found
against the defendant on any defensive issue beyond a reasonable doubt. See Tex. Pen.
Code Ann. § 2.03(d) (Vernon 2003); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim.
App. 1992); Saxton, 804 S.W.2d at 914. As for factual sufficiency of a rejected defense, the
reviewing court examines all the evidence in a neutral light and asks whether the State's
evidence taken alone is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance of the
evidence. See Zuliani, 97 S.W.3d at 595. 

 Under either standard of review, when a defensive issue under section 2.03 is
contemplated, it is the defendant who bears the burden of producing some evidence that
supports the particular defense and, once accomplished, the State then bears the burden of
persuasion to disprove the raised defense. See Zuliani, 97 S.W.3d at 594-95; Saxton, 804
S.W.2d at 913-14. It must be remembered, however, that the State's burden of persuasion
"is not one that requires the production of evidence, rather it requires only that the State
prove its case beyond a reasonable doubt." Zuliani, 97 S.W.3d at 594 (citing Saxton, 804
S.W.2d at 913). "When a jury finds the defendant guilty, there is an implicit finding against
the defensive theory." Id. (citing Saxton, 804 S.W.2d at 914). 

 The general background facts are not in dispute. On Friday evening, May 12, 2006,
Jones was involved in a physical altercation with his then-girlfriend, Angela Chambers, after
Chambers discovered him in her black Chevrolet Tahoe with another woman, Tashara
Bogany. Earlier in the evening, Jones had been in a fight with one Desmond Austin, which
ended when Austin and others discharged firearms in Jones's presence. As Jones was
unarmed, a friend hurriedly escorted him from the scene. 

 During his encounter with Chambers, Jones bit and slapped Chambers and managed
to take the keys to the vehicle she was driving, a black Mercury Cougar. Later, while at Ms.
Bogany's apartment, a friend took a gun away from Jones, and Jones eventually went to
sleep. 

 Two days after the assault of Chambers by Jones, Welch and Chambers's brother,
Kevin Rashawn Wright, drove from Houston to Livingston, ostensibly for Wright to
celebrate Mother's Day with his mother and for Welch to engage in target practice with his
handgun, a "Tec 9" nine millimeter firearm, that eventually came to be used by Welch as the
murder weapon. (2) 

 Welch's version of the following events, which took place later that day, is described
in Welch's appellate brief: 

 At 9:30 p.m. May 14, 2006, [Jones] arrived at [Chambers's mother's]
house wanting to get [the] Black Tahoe back. [Jones] demanded the keys and
[Chambers] refused to give [Jones] the keys. 


 While [Jones] was at the porch arguing with [Chambers] and her
brother Kevin Wright, [Welch] went to the Tahoe and sat in the back seat. 
[Jones] left the porch area and started to his car saying you don't want me to
come back. When [Jones] turned towards [Welch] in the Tahoe, [Jones] was
carrying in one arm a pit bull puppy. [Jones] also said something to [Welch]
and continued advancing towards him. 


 When [Jones] continued advancing carrying a dangerous animal in his
arm, and given the threats [Jones] had just made towards the occupants of the
house, [Welch] became fearful that unlawful deadly force would be used
against [Welch]. At this point [Welch] became fearful and discharged the
weapon he had striking [Jones] multiple times. These shots resulted in
[Jones's] death. 


 This represents the extent to which Welch attempted to satisfy his burden of
production with regard to his self-defense issue. See Zuliani, 97 S.W.3d at 594-95; Saxton,
804 S.W.2d at 913-14. Welch presents the following argument in his brief so as to persuade
us he indeed met his burden: 

 From his confession, [State's Exhibits 58 & 59] it is clear that
Appellant was scared the deceased was about to use unlawful deadly force. 
The decedent had turned toward Appellant and angrily yelled at Appellant. 
The decedent was known to be a violent man, who often carried a gun who
was holding a pit bull in his arms as he approached Appellant. 


 The pit bull, though only a puppy was still a dangerous animal that if
thrown by the decedent into the backseat of the automobile that Appellant was
sitting in, the pit bull still could have done considerable harm or damage to
Appellant. Either through the dog or the use of a firearm Appellant was aware
the decedent was known to use, Appellant had reasonable belief that unlawful
deadly force was going to be used against Appellant by decedent, and thus
[Appellant] correctly and justifiably defended himself with the deadly force
that [Appellant] used.


 A reasonable belief is one that would be held by an ordinary and prudent person in the
same circumstances as the actor. Tex. Pen. Code Ann. § 1.07(a)(42) (Vernon Supp. 2008). 
This definition was provided to the jury by the trial court in its instructions on self-defense. 
Generally, whether a reasonable belief prompted the defendant to act is a question for the
trier of fact. See Sanders v. State, 707 S.W.2d 78, 79-80 (Tex. Crim. App. 1986), limited on
other grounds, Willis v. State, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990) (en banc). The
trier of fact is free to accept or reject all or any portion of any witness's testimony or any
evidence presented. See Adelman, 828 S.W.2d at 421. Additionally, the jury, as trier of fact, 
implicitly rejected all of Welch's defenses by finding him guilty. See id. at 422; Saxton, 804
S.W.2d at 914.

 When viewed in the light most favorable to the implicit rejection of Welch's defense,
we find there is legally sufficient evidence in the record before us. See Adelman, 828 S.W.2d
at 422. Contrary to Welch's assertion, the record does not provide any evidence to explain
Welch's fear of Jones. In neither of Welch's statements to the authorities does he provide
a reason he feared Jones to the point of shooting him multiple times with a nine millimeter
firearm. Additionally, Welch does not direct us to a specific place in the record where it is
shown he was told Jones was always armed or was told of Jones's reputation for violence,
nor does the record indicate what, if any, "threat" Jones communicated to Welch sufficient
to cause Welch to open fire seconds later. The evidence does not indicate Jones's presence
at Chamber's mother's house on the night in question was in any way connected to Welch. 
From all indications, Jones came to Chamber's mother's house to retrieve his vehicle. 
Among other elements, Welch had to demonstrate to the jury that it was reasonable for him
to have used deadly force against Jones at the moment he did in order to prevail on his self-defense claim. (3) 

 The rules of evidence permit evidence of a pertinent character trait of a victim of
crime to be elicited before the jury. See Tex. R. Evid. 404(a)(2); Tate v. State, 981 S.W.2d
189, 192 (Tex. Crim. App. 1998). However, Rule 405(a) of the Texas Rules of Evidence 
limits proof of such character evidence to reputation or opinion testimony. Tex. R. Evid
405(a). Thus, specific, violent acts of misconduct by the victim are usually not admissible
by a defendant claiming self-defense unless the defendant can demonstrate such evidence is
relevant for a purpose other than to prove character conformity. See Tex. R. Evid. 404(b);
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). Additionally, evidence of prior
specific, violent acts by the victim may be admissible to show the victim's state of mind,
intent, or motive. Torres, 71 S.W.3d at 761. To be admissible, however, such evidence of
prior specific violence must be shown to be relevant to the ultimate confrontation, i.e., to
"explain the outward aggressive conduct of the deceased at the time of the killing, and in a
manner other than demonstrating character conformity only[.]" Id. at 761-62. 

 In support of his self-defense claim, Welch was permitted to elicit testimony that
Jones's reputation in the community for violence was bad. The jury was not permitted to
hear that Jones purportedly was always armed with a gun. (4) This fact, however, would not
have explained the purported aggressive conduct of Jones at the time of the shooting. Thus,
its only evidentiary value was to impermissibly demonstrate character conformity. Id. The
record reflects that Welch failed to satisfy his burden of producing evidence demonstrating
his shooting of Jones stemmed from a reasonable belief that Jones was attempting to use
unlawful deadly force at that exact moment. See Bennett v. State, 726 S.W.2d 32, 37-38
(Tex. Crim. App. 1986) (explaining the reasonableness of the defendant's fear "must be
judged from the standpoint of the accused at the instant he responds to the attack"). 

 Both the State's and Welch's appellate briefs direct us to the oral statements of his 
co-defendant, Kevin Wright, which were also in evidence, for evidence of what Welch knew
of Jones's propensity for violence. However, Welch's jury was instructed that Wright's
confessions were admitted solely in Wright's criminal prosecution and could not be
considered as evidence against Welch, or in any way connect Welch to the offense. On
appeal, we must presume the jury followed the trial court's instructions in the manner
presented and, while the presumption is refutable, it is the appellant's burden to rebut it by
pointing to evidence that the jury failed to follow the instructions. Thrift v. State, 176 S.W.3d
221, 224 (Tex. Crim. App. 2005); Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App.
1998). Welch does not direct our attention to any such rebuttal evidence in the record. We
will not, therefore, consider Wright's oral statements to the authorities for any purpose in the
instant appeal by Welch. 

 For the jury to find Welch acted in self-defense, it had to find that (1) Welch was
justified in using force against Jones under section 9.31; (2) a reasonable person in Welch's
situation would not have retreated; and (3) Welch reasonably believed the deadly force was
necessary to prevent Jones's imminent use or attempted use of unlawful deadly force. (5) At
trial, Welch's statements, which were viewed by the jury, contained his admission that he
intentionally caused the death of Jones by shooting him with a firearm. Welch's defensive
instructions required the jury to find, among other things, that his use of deadly force against
Jones was justified because Welch's subjective beliefs regarding the facts and circumstances
he was perceiving at the time were "reasonable." 

 In examining legal sufficiency, the only duty of a reviewing court is to determine if
both the explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in the light most favorable to the verdict. Adelman, 828 S.W.2d
at 422. In doing so, we resolve any inconsistencies in the evidence in favor of the verdict. 
See Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). The trier of fact, not the
reviewing court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd). Based upon the
record, the evidence, taken in the light most favorable to the verdict, is legally sufficient to
support the jury's determination that Welch intentionally caused Jones's death by shooting
him with a firearm, and that the evidence is legally sufficient to support the jury's rejection
of Welch's assertion that the killing was justified in defense of himself. 

 When the evidence is viewed in a neutral light for factual sufficiency purposes, there
is evidence that Welch possessed a fear, albeit inchoate, of being attacked by Jones. 
However, the record is clear that Welch did not know Jones and neither man had a prior
history with the other. A rational jury could look at these facts and perceive the killing as a
less-than-rational act. Last, the evidence of Jones holding a pit-bull puppy as he walked
away from the front porch area -- in a menacing manner as perceived by Welch -- must speak
for itself; however, a rational jury could reject such a situation as evidence of a rational use
of deadly force. We conclude, therefore, that the State's evidence, when taken alone, is not
so weak that it does not support the jury's verdict beyond a reasonable doubt, nor is the
evidence supporting Welch's self-defense claim so strong that the jury's rejection of said
claim failed to meet the beyond-a-reasonable-doubt standard. See Whipple v. State, 281
S.W.3d 482, 498 (Tex. App.--El Paso 2008, pet. ref'd). We overrule Welch's issues three
and four. 

 In issues one and two, Welch complains of error by the trial court in refusing to permit
the jury to hear that Jones purportedly habitually carried a gun. He contends such evidence
was admissible under article 38.36(a) of the Texas Code of Criminal Procedure. That
particular subsection reads as follows:

 (a) In all prosecutions for murder, the state or the defendant shall be permitted
to offer testimony as to all relevant facts and circumstances surrounding the
killing and the previous relationship existing between the accused and the
deceased, together with all relevant facts and circumstances going to show the
condition of the mind of the accused at the time of the offense. 


Tex. Code Crim. Proc. Ann. art. 38.36(a) (Vernon 2005). As noted above, the evidence at
trial indicated Welch and Jones had no prior relationship as Welch explicitly denied having
been aware of Jones prior to the day in question. (6) The trial court did permit Welch to
establish that Jones's reputation in the community for violence was bad. Specifically, the
trial court ruled: "All right. Thank you. [The State's] objection is noted. I'm going to allow
[Welch's trial counsel] to ask questions about [Jones's] general reputation. We're not going
to ask questions about weapons at this time." (emphasis added). Welch's trial counsel
responded, "Yes, sir." Welch subsequently elicited evidence before the jury that Jones's
reputation in the community for violence was bad. Welch also elicited testimony from
another witness that Jones's reputation in the community for being non-violent was good. 
Welch can have no complaint with regard to his ability to establish Jones's general reputation
for violence in the community.

 With regard to the evidence that Jones habitually carried a gun, Welch's reliance
solely on article 38.36(a)'s provision for showing "the condition of the mind of [Jones] at the
time of the offense," is also misplaced. In Garcia v. State, 201 S.W.3d 695 (Tex. Crim. App.
2006), the Court of Criminal Appeals held that the admissibility of such evidence under
article 38.36(a) is limited by the rules of evidence. Id. at 702. Excluding the oral statements
of co-defendant Kevin Wright as we must, we find no other evidence indicating that, at the
time of the shooting, Welch was aware of the allegation that Jones always carried a gun. 

 As we noted above, Texas case law has held that a defendant's prior awareness of a
victim's violent reputation is immaterial when the defendant is claiming the victim was the
first aggressor. See Tate, 981 S.W.2d at 192. However, in the instant case, Welch did not
argue this basis to the trial court as grounds for admissibility, nor does he argue it to us on
appeal. Welch simply argues that Jones's habitual gun-carrying was admissible to show
Jones's state of mind at the time of the shooting under article 38.36. At trial, Welch's trial
counsel represented to the trial court that he would "connect up" Jones's reputation through
witnesses Reginald Wright [Kevin Wright's cousin], and through Kevin Wright, Angela
Chambers, "and others." This included testimony purporting to establish Jones's reputation
in the community for always carrying a gun. We can find nothing in the record other than
Kevin Wright's statements, and Welch directs us to nothing else, to show that evidence was
elicited before the jury indicating Jones always carried a gun, and that Welch was aware of
such fact prior to the shooting. Moreover, in failing to list as a basis for admissibility that
Jones was the first aggressor, specific instances of conduct, such as habitually carrying a
firearm, are inadmissible to show reputation under Rule 405(a) or (b) of the Texas Rules of
Evidence. Under Rule 405(a), a defendant may offer evidence of the victim's violent
character only through reputation or opinion testimony. Tex. R. Evid. 405(a); see Martinez
v. State, 17 S.W.3d 677, 687 (Tex. Crim. App. 2000). On the other hand, Rule 405(b)
permits the introduction of specific acts of conduct when the actor's character "is an essential
element of a charge, claim[,] or defense[.]" Tex. R. Evid. 405(b). The Court of Criminal
Appeals, however, has held that a victim's character is not an essential element of a claim
of self-defense. See Tate, 981 S.W.2d at 192 n.5.

 Absent evidence of Welch's personal knowledge of any specific acts or conduct of
Jones prior to the day in question, such acts or conduct would not be admissible under article
38.36(a), as such evidence could not show the condition of Welch's mind at the time of the
shooting. Finally, as Welch failed to raise Rule 404(b) of the Texas Rules of Evidence as a
basis for possible admissibility to the trial court, such a basis is not properly before us for
review. See Tex. R. App. P. 33.1(a); Reyna v. State, 168 S.W.3d 173, 178-80 (Tex. Crim.
App. 2005). Finding no error in the trial court's evidentiary ruling in question, we overrule
issues one and two. We affirm the judgment of the trial court.

 AFFIRMED. 

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on June 17, 2009

Opinion Delivered August 12, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.

 Concurring Opinion


 I agree sufficient evidence supports the verdict; I cannot agree the evidence excluded
by the trial court was inadmissible in this case. The trial court excluded Wright's testimony
that Jones was "known to carry a gun." In my view, that testimony under the circumstances
of this case would be admissible for the jury's consideration of the self-defense issue. See
generally Torres v. State, 117 S.W.3d 891, 895 (Tex. Crim. App. 2003). 

 However, considering the entire record, the exclusion of Wright's testimony did not
affect Welch's substantial rights, because the record reflects the excluded testimony was
largely cumulative by the end of the trial. See Tex. R. App. P. 44.2(b). The jury heard 
testimony of Jones's violent character, and that he owned a gun. Appellant questioned
several witnesses extensively about Jones's gun. On this record, the jury must have
understood Jones was known to have and carry a gun. Any error in excluding Wright's
testimony to that effect was harmless considering the record as a whole. I therefore concur
in the judgment of this Court. 

 ___________________________

 DAVID GAULTNEY

 Justice


Concurrence Delivered

August 12, 2009
1. Subsequent to the date of the instant offense (May 14, 2006), the legislature amended
both sections 9.31 and 9.32 of the Texas Penal Code. The amendments took effect
September 1, 2007. Thus, our analysis of the present appeal is governed by the prior versions
of these sections. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 9.31, 1993
Tex. Gen. Laws 3586, 3598 (current version at Tex. Pen. Code Ann. § 9.31 (Vernon Supp.
2008)); Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, sec. 9.32, 1995 Tex. Gen. Laws
2141, 2141-42 (current version at Tex. Pen. Code Ann. § 9.32 (Vernon Supp. 2008)). Both
sections were amended by Act of March 20, 2007, 80th Leg., R.S., ch. 1, §§ 2, 3, 5(a), 2007
Tex. Gen. Laws 1, 2 (codified as an amendment to Tex. Pen. Code Ann. §§ 9.31, 9.32
(stating that an offense committed before the act's effective date is governed by the sections
in effect when the offense was committed)). 
2. Wright was also charged with Jones's murder and was tried jointly with Welch. We
affirmed Wright's conviction. See Wright v. State, No. 09-07-369 CR, 2008 WL 3522363
(Tex. App.--Beaumont Aug. 13, 2008, pet. ref'd). 
3. See Act of May 16, 1995, 74th Leg., R.S., ch 235, § 1, sec. 9.32, 1995 Tex. Gen.
Laws 2141, 2141-42 (amended 2007). 
4. See our discussion of this under issue two. 
5. See Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, sec. 9.32, 1995 Tex. Gen.
Laws 2141, 2141-42 (amended 2007). 
6. Thus, Welch's reliance on Ex parte Varelas, 45 S.W.3d 627 (Tex. Crim. App. 2001),
is misplaced, as a prior relationship was established between Varelas and the murder victim,
his two-year-old stepdaughter. Id. at 629-30.